Camp *vs.* Phillips.

---

ARCHIBOLD L. CAMP, plaintiff in error, *vs.* NANCY PHILLIPS, administratrix, defendant in error.

To entitle a party to recover back money which he has paid, on the ground that it was paid to the defendant through a mistake or ignorance of facts, which he sets up as showing there was no legal liability on him to pay, the plaintiff should allege and show on the trial that at the time of the payment he was mistaken as to such facts, or ignorant of their existence.

Mistake. Before Judge GREEN. Newton Superior Court. September Term, 1872.

Nancy Phillips, as administratrix of Noah Phillips, deceased, brought assumpsit against Archibold L. Camp, for $650 00, besides interest, making the following case:

Defendant asserted to plaintiff that he held a judgment against her intestate, rendered at the September term, 1860, of Newton Superior Court, for $2,000 00, principal, and $766 10 interest, to date of judgment. Plaintiff, deceived by this wrongful and fraudulent claim, on March 5th, 1867, paid to defendant the sum of $650 00 on the *fi. fa.*, issued from said judgment. In reality, said judgment had been satisfied in full by plaintiff's intestate, during his life, but this fact was unknown to her at the time of said payment. Defendant refuses to refund said sum of money, and hence this suit.

The record fails to disclose the defendant's plea.

The evidence made the following case: On October 7th, 1868, the execution referred to in the declaration was levied upon property of plaintiff's intestate. The plaintiff availed herself of the Relief Act of 1868. Upon the trial of the issue thus formed, the jury found that the execution had been satisfied. A new trial was moved for and refused, which judgment was affirmed in the Supreme Court: See *Camp vs. Phillips, administratrix*, 42 *Georgia Reports*, 289. The plaintiff introduced the entire record of the above stated case, and proved by Thomas M. Meriwether, the foreman of the jury rendering the above verdict, that upon the trial of said case, the receipt of $650 00, of date March 5th, 1867, on said execution, was not considered by the jury in finding in favor of movant; that the jury found that the execution had been paid off during the lifetime of plaintiff's intestate, and before the said $650 00 payment had been made; that the jury returned into the Court-room during their deliberations, and asked instructions of the Court, as to whether they should consider the payment of the $650 00 so as to allow them to find that amount in favor of the movant against the plaintiff

in execution; that the Court instructed them that under the state of the pleadings they could not so find; that they then excluded said payment from further consideration and found the execution nevertheless paid off.

The plaintiff closed, and the defendant introduced no testimony. The Court charged the jury, that if they believed from the evidence that the plaintiff paid the money sued for, under a mistake of law or of fact, they must find for the plaintiff.

The jury returned a verdict for the plaintiff for the full amount sued for, with interest. The defendant moved for a new trial because of error in the aforesaid charge, and because the verdict was contrary to said charge and the evidence. The motion was overruled and defendant excepted.

J. J. FLOYD, for plaintiff in error.

A. M. SPEER, for defendant.

TRIPPE, Judge.

It was decided during the present term in *Arnold & DuBose vs. The Georgia Railroad and Banking Company*, that money voluntarily paid by a party through mere ignorance of law, though he may not have been legally bound to pay it, could not be recovered back. If it be paid under a mistake of facts or ignorance of facts, the rule may be different. For instance, if the facts of which the party so paying was ignorant, be such as to show that the one receiving the money ought not in equity and good conscience to retain it. But to entitle one to a recovery, the ignorance of the facts relied on should be alleged and proved to have existed at the time of the payment. If knowledge of such facts exist at that time, the party cannot, on ascertaining that they would have constituted a legal defense, call upon the Courts to revoke what he has voluntarily done: See case referred to above, *Arnold & DuBose vs. Georgia Railroad and Banking Company*, and authorities there cited.

Judgment reversed.