## Nevin *vs.* Fouché, assignee.

The purpose of giving a bond with security to dissolve a garnishment is to substitute that for the plaintiff's rights under the garnishment, and the surety on such a bond is estopped from denying that the garnishee had effects belonging to the defendants, or that he was indebted to them in a sum equal to the amount that might be recovered against them.   Nor can such a surety set up by plea that he supposed, when he signed the bond, that he would be liable for only so much money as the garnishee had in his hands, or as he might become possessed of, belonging to the defendants, such ignorance or mistake of law being neither induced

nor participated in by the other party, and there being no fraud, deception, artifice or misplaced confidence influencing his action. April 20, 1886.

Garnishment. Principal and Surety. Estoppel. Before Judge SIMMONS. Floyd Superior Court. March Term, 1885.

Reported in the decision.

UNDERWOOD & ROWELL, for plaintiff in error.

DABNEY & FOUCHE', for defendants.

HALL, Justice.

The assignee of the Bank of Rome instituted suit against M. Cohen & Company in Floyd superior court, to recover the amount of two promissory notes, given by said Cohen & Company to said bank. Pending this suit, the plaintiff applied for process of garnishment, which was duly served on Hargrove, and the day after the service of the summons, the defendants dissolved the garnishment by giving the bond prescribed by law, with M. A. Nevin as their surety.*

The defendants filed a plea of usury to the suit, and the surety also filed thereto his plea, which alleged that,

" At the time of issuing and service of the garnishment in this case, R. T Hargrove, the garnishee, had no money or effects in his hands belonging to Cohen & Company, nor did he have any property or money of said Cohen & Company then or since belonging to Cohen & Company; that the sum deposited in the bank of said R. T. Hargrove had been checked for, to-wit, the sum of two hundred and ninety-two dollars and ninety cents ($292.90) in favor of H. B. Claflin & Company, on the 10th day of November, 1881, and the sum of four hundred and eighty-five dollars and five cents ($485.05) in favor of C. & S. Warner & Company, on the 12th day of November, 1881, and at the time the garnishment was sued out and served, to-wit, on the 5th day of December, 1881, said Cohen & Company

---

*The garnishment was dated Dec. 5, 1881; the bond to dissolve it on the following day.

had no money or funds in the bank of said Hargrove, nor in the hands of said Hargrove, nor has he had any money, property or effects in his, Hargrove's, hands since, and if said Hargrove had answered the said garnishment as he should have done, he would so have answered and said; and that the said checks were in fact paid November 22d, 1881, and November 19th, 1881. This affiant further says that the money was checked out before the garnishment issued or was served. And affiant further says that, at the time he signed the said bond, he supposed he was only to be liable for so much money as the said Hargrove had in his hands, or so much effects or property in his hands, or to come into his hands, believing the law to be to that effect. And he, affiant, signed said bond under a mistake of law, and would not have signed said bond if he had known the law in the premises."

On demurrer, the court dismissed this plea, and the plaintiff had a verdict for the principal of the notes sued on, and a judgment was rendered against the defendants and their sureties on the bond given to dissolve the garnishment. Nevin, the surety, excepted to this judgment, and alleged as error the judgment of the court sustaining the demurrer to his plea and ordering the same to be dismissed.

His eminent and experienced counsel insists that the plaintiff has recovered money that the garnishee never owed the defendants, and which could not have been reached in his hands, and inasmuch as he was mistaken as to the extent of his liability under the law, it would be inequitable and unconscientious to allow the plaintiff to retain this advantage to his injury.

The very purpose of the bond with security was to substitute that for the plaintiff's rights under the garnishment. The surety is estopped by his solemn deed from denying that the garnishee had effects belonging to the defendants, or that he was indebted to them in a sum equal to the amount that might be recovered against them. This is certainly an admission on which the plaintiff was compelled to act, and if this defence were allowed, it would seem that he was forced thus to act to his injury, and greatly to the benefit of the party for whom the surety was bound.

Code, §3753 and citations. The surety, in this instance, was not influenced to assume this obligation in consequence of any misplaced confidence in the plaintiff, or by any artifice or deception or fraudulent conduct used by him, by which he was led into such a mistake of law as will authorize the intervention of equity for his relief. Code, §3221. It is rather ignorance than an honest mistake of the law as to the effect of the instrument which he signed, and which he alleges operated as a gross injustice to him and gave an unconscientious advantage to the plaintiff. If he suffered from assuming this obligation by supposing that its legal effect was different from what it actually was, it is not perceived how this gave an unconscientious advantage to his opponent. And we are well assured that unless the plaintiff was misled by the same mistake as to the effect of this instrument (and it is not asserted that he was, or that he in any manner or to any extent induced the same or participated therein), then the other party thereto is not entitled to be relieved in equity. Code, §3122. The demurrer to the plea was properly sustained, and any other result than that reached would have been manifestly erroneous.

Judgment affirmed.