### 19057.  CITY OF DAWSON *v.* TERRELL COUNTY.

DECIDED OCTOBER 2, 1926.  REHEARING DENIED NOVEMBER 14, 1928.

*R. R. Jones,* for plaintiff.  *H. A. Wilkinson,* for defendant.

LUKE, J.  The City of Dawson sued Terrell County for one half of the rents accruing from certain dispensary property during the years 1923, 1924, 1925, and 1926.  A demurrer to the peti-

tion was sustained and the case dismissed, and the plaintiff excepted.

The material parts of the petition, by paragraph, are substantially as follows: (1) The fiscal affairs of Terrell County are committeed to a board of commissioners of roads and revenues. (2) The City of Dawson and Terrell County are "joint owners and tenants in common" of the "old dispensary building and lot" now occupied by E. as a grocery store. (3) Terrell county and the City of Dawson have been joint owners of said property since March 5, 1907, "having on that date acquired ownership to a one half undivided interest each" from the board of dispensary commissioners of Terrell county. Said board was created by an act of the legislature approved December 10, 1897, which act authorized the dispensary commissioners of Terrell county to operate a dispensary in the City of Dawson, and required them to pay one half of the profits made in the operation of said dispensary to the treasurer of Terrell county, and one half to the treasurer of the City of Dawson. Said dispensary commissioners of Terrell county organized and operated said dispensary in the City of Dawson until the year 1907. On May 5, 1905, said dispensary commissioners "purchased from Terrell county the lot above described and upon which said dispensary building was erected," a copy of the deed conveying said lot being attached as "Exhibit A." The purchase price of the lot was $500 paid from the profits of said dispensary, "and the cost of said building was likewise paid by said dispensary commissioners from funds which belonged to them," as shown by minutes of said dispensary commissioners, a copy of which is attached as "Exhibit B." Said commissioners ceased to operate said dispensary in 1907, and, on March 5, 1907, "ordered that deeds be made to said dispensary building and lot, one half each to the City of Dawson and to Terrell county," as appears from minutes of the dispensary commissioners, a copy of which is attached as "Exhibit C." (4) From the time the plaintiff and the defendant acquired joint ownership of said property until January 1, 1923, the rents and profits therefrom were paid in full by the tenant in possession to Terrell county, which in turn, in January of each year, paid to the City of Dawson one half of the money so collected. In 1924 Terrell county refused to pay to the City of Dawson its half of said rents collected by said county for the year 1923. Since said time

Terrell county has continuously failed to pay said city its half of said rents and profits collected by said county, though written demand was made therefor for the years 1923, 1924, 1925, and 1926. During said years Terrell county collected from said property $823.33, which rightly belongs to plaintiff as its half of the rents therefrom; and "in equity and good conscience Terrell county ought not to be permitted to hold said funds which thus belong to the City of Dawson." Wherefore petitioner prays for a judgment against Terrell county for said sum, and that process issue, etc.

The demurrer is as follows: (1) The allegations of the petition do not authorize a recovery. (2) The petition "nowhere sets out, as an affirmative fact, that the liability sought to be enforced is one for which the county of Terrell is liable by statute." (3) The suit is "for the purpose of determining the question of title to the property, possession of which is not held by the plaintiff, but is admittedly held adversely."

■ It is first contended that there can be no recovery, because the action is based upon the allegation that the city and the county "are joint owners and tenants in common" of the dispensary property, and the petition fails to show this. Under this head it is contended that the county had no authority to sell the dispensary lot; and that, if it did, the commissioners of roads and revenues were not entitled, under the law, to execute the deed. The Civil Code (1910), § 313, provides: "When any public property shall become unserviceable, it may be sold or otherwise disposed of, by order of the proper authority. . ." "The 'proper authority' referred to in this chapter is the Governor of the State, for all officers of the State; and the county commissioners, or other officers having charge of county affairs, for all officers of the county." Civil Code (1910), § 314. Public property becomes "unserviceable . . where such property can not be beneficially or advantageously used under all the circumstances." *Dyer* v. *Martin, 132 Ga.* 445 (2) (64 S. E. 475). The Civil Code (1910), § 396, provides: "The ordinary has the control of all property belonging to the county, and may by order to be entered on their minutes direct the disposal of any real property which can lawfully be disposed of, and appoint a commission to make the titles thereto, and the conveyance of such commission in accordance with such order vests the grantee or vendee with the title" to the property. But the act of

September 21, 1883 (Ga. L. 1882-3, p. 506), creating a board of commissioners of roads and revenues for Terrell county, was amended by the act of 1893 (Ga. L. 1893, p. 366), as follows: "Said commissioners are authorized and empowered to sell and dispose of any and all property of Terrell county and to make warrantee deed to same to the purchaser thereof whenever, in their judgment, it is to the interest of the county so to do. The proceeds of any property so sold shall be covered into the county treasury as any other funds belonging to the county." It is therefore clear that the commissioners of roads and revenues had authority both to sell the dispensary property and to execute the deed to the dispensary commissioners of the county of Terrell.

The next question is: Did the dispensary commissioners have the right to purchase the dispensary property? The act of December 10, 1897 (Ga. L. 1897, p. 562, sec. 2), provides that the dispensary commissioners of Terrell county "are hereby constituted a body corporate . . for the purpose of establishing a dispensary or dispensaries in said county for the sale of spirituous, vinous or malt liquors and intoxicating bitters and ciders." Section 4 of the act provides that a dispensary be maintained in the City of Dawson. Section 5 of the act provides that the manager of the dispensary "shall sell only for cash, and shall turn over all moneys received by him to the treasurer of the board at least once a week . . ." Section 9 provides that "said dispensary or dispensaries shall be maintained and operated from the profits arising from the sales of said spirituous, vinous, or malt liquors," etc. Section 10 provides that "said board of commissioners shall disburse the net profits of said dispensary as follows: One half to the county treasurer of Terrell county, to be held as other funds belonging to said county, and the other half shall be paid over to the treasurer of the city or town in which is located the dispensary from which said net proceeds may be derived." The dispensary commissioners had the authority, under the foregoing act, to purchase the lot and construct a building thereon from the proceeds of the sales of the dispensary.

"Exhibit A" of the petition purports to be a copy of the deed from the commissioners of roads and revenues of Terrell county to the dispensary commissioners of that county. "Exhibit B" purports to be a copy from the minutes of the dispensary commission-

ers, of March 5, 1907, resolving "that deeds be made, and are hereby ordered made, to Mayor and City Council of Dawson, and commissioners of roads and revenues of Terrell county, to said dispensary building and lot, an undivided half interest to each." Said copy from the minutes further recites: "Deeds were then executed, deeding an undivided one half interest in dispensary building and lot to Mayor and City Council of Dawson and their successors, and one half undivided interest to commissioners of roads and revenues Terrell county and their successors."

As against the general demurrer, the pleadings sufficiently show that the plaintiff and the defendant are "joint owners and tenants in common" of the property in question.

■ The next and controlling question is this: Is the liability sought to be enforced one for which the county can be held responsible?

"Every county is a body corporate, with power to sue or be sued in any court." Civil Code (1910), § 383. However, that the county is not liable to suit as are individuals is clearly shown by section 384 of the Civil Code (1910), reading as follows: "A county is not liable to suit for any cause of action unless made so by statute."

The case of *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244), does not present facts like the case under consideration, but we think that the rules of law there laid down are applicable to this case. After stating the general rule (p. 807), that generally "counties and municipal corporations are liable for money had and received by them and applied beneficially to their authorized objects, although the contract by which the money was obtained was unauthorized by law," the court said: "The obligation to account for money received by the county, and actually devoted to lawful purposes, rests upon the broad principle of common honesty, which will not permit the county to retain the benefit of money lawfully applied to its use, and at its request, simply because the county lacked the power to borrow the money. . . In an action against a town for money had and received, the question is not what the claimant has parted with to officers who were not authorized to take his money for the town, or what they have promised him, but how much has the town been benefited. . . While the action for

money had and received depends not upon a contract express or implied in fact, it is bottomed on the right of the county to incur the liability to discharge which the money was applied."

The plaintiff amended paragraph 5 of its petition as follows: "The rents collected from the dispensary building, one half of which belongs to the City of Dawson, were collected by the defendant, and were placed in the county treasury, and were used by Terrell county for public purposes." We think that this amendment, as against the demurrer, was tantamount to an allegation that the money sought to be recovered was used by the county for "lawful purposes," and that, under the pleadings, the action for money had and received lies for the money alleged to have been appropriated by the county.

■ Clearly the primary object of this action is not a determination of the question of title to property, and the third ground of the demurrer is not good.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*