30260.   CLOUD *v.* DeKALB COUNTY.

DECIDED MARCH 3, 1944.   REHEARING DENIED MARCH 16, 1944.

*J. B. McCurdy,* for plaintiff.

*J. A. McCurdy Jr., James A. Branch, Thomas B. Branch Jr.,* for defendants. *E. Harold Sheats,* for person at interest.

FELTON, J. ■ C. M. Cloud brought suit against DeKalb County, alleging, in substance, as follows: That the defendant was indebted to him in the sum of $1512.80; that he was employed as a county policeman by the defendant from April 10, 1935, through December 15, 1942, and while so employed it was his duty to seize automobiles engaged in the illegal transportation of intoxicating liquors, and that he was entitled by law to receive as compensation for seizing such automobiles a fee equivalent to one-third of the proceeds of the sale of such automobiles; the plaintiff, along with other police officers who were entitled to share in such fees, seized a large number of automobiles while employed by the defendant as a county policeman, the make and model of each automobile, the date seized, the names of the other police officers assisting in its seizure and entitled to participate in the fee, the amount realized from its sale, and the amount due to the plaintiff as his share of the fee, all being set out in the petition; that when each of the automobiles was sold the court passed an order directing the sheriff to pay to the officers responsible for its seizure, a sum equivalent to one-third of the proceeds realized from the sale, and in each instance the sheriff issued a check payable to the officers who had an interest in the same; these checks, together with receipts to be signed by the officers, were left with the chief of the DeKalb county police who, in each instance, presented them to the plaintiff for his endorsement and in each instance, the plaintiff endorsed the check and left it with the chief of police for proper distribution; the plaintiff could not obtain payment on the checks on his endorsement, and only owned an interest therein equivalent to the interest owned by the other officers participating in the seizure of the particular automobile; the chief of police illegally and without the consent of the plaintiff, turned each check over to the defendant, and each check was deposited in the county treasury; the sheriff and chief of police were the agents and employees of the defendant, and the acts complained of were part of a scheme or device by the county commissioners to avoid paying the plaintiff the compensation and fees to which he was entitled; the plaintiff had demanded payment from defendant, and payment had been refused.

The defendant demurred to the petition on the grounds that it failed to set forth a legal or valid cause of action; that the petition

showed that the plaintiff was a county policeman, and as such he was not entitled to receive any commissions, fees, or other compensation other than his salary; that the petition failed to show that a claim was presented to the defendant within twelve months after such claim might have accrued; and that the petition showed a voluntary endorsement and delivery of the checks to the defendant and a waiver of any right of the plaintiff, and that the plaintiff was estopped from asserting a claim thereto. The court sustained the demurrer and dismissed the petition, and the exception here is to that judgment.

The plaintiff in error contends that he is entitled to receive the fees provided by the Code, § 58-207, for an officer making the seizure of an automobile engaged in the illegal transportation of intoxicating liquors, where such automobiles are condemned and sold. The plaintiff was employed by the defendant under the provisions of the Code, § 23-1401, which provides that the county commissioners, or ordinaries in those counties which do not have commissioners, shall have authority to elect or appoint county police. It is provided by § 23-1402 that the county commissioners or ordinaries shall fix the salaries of the county police, which shall be paid out of the county treasury, and shall have authority to levy a tax to pay such salaries and the expense of the county police. Section 23-1403 provides that the county police, under the direction and control of the commissioners or ordinaries, shall have all the powers of sheriffs, as peace officers in the county of their election or appointment. The Code, § 58-207, after providing for the seizure and sale of all vehicles or conveyances used in the illegal transportation of liquors by any sheriff or other arresting officer, provides in part, as follows: "The proceeds arising from said sale shall be applied as follows: (a) To the payment of expenses in said case, including the expenses incurred in the seizure. (b) One-third of the remainder to the officer making the seizure and furnishing the proof, . . (c) To the payment of the costs of the court which shall be the same as now allowed by law in cases of forfeiture of recognizance. (d) The remainder, if any, shall be paid into the county treasury to be held as a separate fund to be paid out under order of the court as insolvent costs in other cases arising from the violation of any of the provisions of this law: provided, that in any county in which any of the officers of either the county, city or

superior courts are now on a salary, or hereafter placed on a salary, such remainder of the funds applicable to the payment of insolvent costs of such officer or officers shall be retained in the general fund of, and become the property of such county." There is no provision of law which has come to our knowledge prohibiting an officer who receives a salary from also receiving fees, and there is no such law applicable to those involved here. This being true there is no reason why the legislature could not provide for fees, or commissions, or other sums, in addition to the officer's salary. It is quite clear that § 58-207 does not preclude the officers here from receiving the sums therein provided for, for the reason that the section contemplated that certain officers were then on a salary and that others would be put on a salary, and with those facts in mind, it did not provide that if an officer was on a salary, or was put on one, his part of the one-third of the proceeds of the sale should become the property of the county. It provided only that if an officer of court was on a salary, or was put on one, the part of the money which would have gone into the insolvent-cost fund would not go there, but would go into the general treasury of the county as the county's money. That was for the reason that if the court officers were on salaries there would be no insolvent-cost fund. It did not, and does not provide that the salaried court officers shall not receive the one-third allotted to them. It follows that since the section does not provide that a salaried court officer shall not receive his part of the one-third of the proceeds of the sales, it seems clear that it was the intention of the legislature to put all arresting officers on the same basis, and therefore an arresting officer who is not a court officer is not deprived of the proceeds of the sales, even though he is on a salary, provided there is no other provision of law prohibiting him from receiving compensation in addition to his salary. It seems clear that if the legislature had intended to provide that a salaried officer, whether he be court officer or not, should not participate in the proceeds of the sales, it would have provided that such salaried officer's part of the proceeds should go into the general treasury of the county and become its property.

■ It was held in *Lynch* v. *Harris County*, 188 *Ga.* 651 (4 S. E. 2d, 573), that an action in ejectment would lie against a county under the constitutional provision that private property shall not

be taken or damaged for public purposes without just and adequate compensation being first paid. It has been held many times that an action lies against a county for the taking of private property by a county, as the property of an individual and recognized as such, to be used for public purposes. The case cited above goes further and gives a right of action in a case where a county undertakes to hold land under a claim of its own right, and not to exercise its right to take *another's* property for public purposes. It follows that an action will lie against a county to recover money belonging to another which has been appropriated by the county on the theory that it belonged to the county and not to its real owner. The principle is the same as that enunciated in the case cited above. See also *City of Dawson* v. *Terrell County,* 38 *Ga. App.* 676 (145 S. E. 465).

■ In *Lynch* v. *Harris County,* supra, it was also held that where a county claimed the title to land, an individual who also claimed title to the land was under no duty to present the county a notice of such a claim within twelve months. The same reasoning applies to this case. If the contest had been centered around the personal property capable of identification trover would have been an appropriate remedy. Here the property involved is money, under the circumstances not susceptible to identification. The action is for its equivalent, and in principle is the same as if it were for the identical money. Under authority of the *Lynch* case it was unnecessary for the claims to be presented to the county within twelve months.

■ There are no facts alleged in the petition showing that the officer is estopped to make the claim he is making. It would seem to be against public policy for an arresting officer to surrender to the county authorities such fees as are here involved. The purpose of the law is to secure better enforcement by giving a monetary incentive to the arresting officers of the State. If this incentive is taken away the purpose of the law is thwarted and made ineffective.

The court erred in sustaining the demurrers and in dismissing the action.     *Judgment reversed. Parker, J., concurs.*

SUTTON, P. J., dissenting. The plaintiff was employed by the defendant under the provisions of the Code, § 23-1401, which provides that the county commissioners, or ordinaries in those coun-

ties which do not have commissioners, shall have authority to elect or appoint county police. It is provided by § 23-1402 that the county commissioners or ordinaries, shall fix the salaries of the county police, which shall be paid out of the county treasury, and shall have authority to levy a tax to pay such salaries and the expense of the county police. Section 23-1403 provides that the county police, under the direction and control of the commissioners or ordinaries, shall have all the powers of sheriffs as peace officers in the county of their election or appointment. It was alleged that one of the duties of the plaintiff, as a county policeman, was to seize automobiles engaged in the illegal transportation of intoxicating liquors; and the fees claimed in the present action arose by reason of and in connection with the plaintiff's performance of that duty. Where a public officer is on a fixed salary, he is generally not entitled to retain fees or commissions received by him for the performance of duties connected with his office. 43 Am. Jur. 149, § 360. The reason for this rule is that, where a public officer receives a fixed salary, it is presumed that the salary received by him is his compensation for the performance of the duties of the office, and that all fees and commissions received by him in connection with the performance of his official duties are received by him in his official capacity, and not as additional compensation. 46 C. J. 1018, § 244. "Acts providing for costs and salaries are to be strictly construed, and the measure of the compensation cannot be increased by construction, or in any indirect manner, beyond the amount specified by law." *McAlpin* v. *Chatham County*, 26 *Ga. App.* 695 (107 S. E. 74), and cit.

In the case of *Eison* v. *Shirley*, 165 *Ga.* 374, 378 (141 S. E. 295), the Supreme Court said: "Under the Code county policemen are 'appointed' by the ordinary and become county officers by virtue of such appointment, and the law requires that at the time of such appointment the ordinary shall 'fix the salary' of such county policeman; and in such circumstances the ordinary is authorized to levy a tax to pay their salaries. . . The statute requires that policemen so appointed, as already indicated, shall receive a fixed salary, and not fees for certain specified work in the enforcement of one particular statute; and where the law fixes a salary which an officer is entitled to receive for his services, he cannot recover commissions or fees." In the present case, it was

not contended that the plaintiff had not received the salary fixed by the county commissioners for his services as a county policeman; but the amount sued for was claimed as additional compensation for services performed by him in connection with the performance of his duties as a county policeman.

I am of the opinion that the fees sought to be collected by the plaintiff from the condemnation of automobiles seized by him in the illegal transportation of intoxicating liquors were properly turned over to the county, and that the plaintiff was not entitled to recover them. Under this view of the case, the trial court did not err in sustaining the demurrer and dismissing the petition.