36320. OWENS *v.* FLOYD COUNTY.

DECIDED NOVEMBER 9, 1956.

*Harris & Harris, Gary Hamilton, Wright & Glover, Maddox & Maddox,* for plaintiff in error.

*John W. Maddox,* contra.

GARDNER, P. J. This suit is brought on the principle that the fees were paid into the county under a mistake of law and that the county used this difference for the legitimate payment of obligations for which the county was legally bound and that the county got the benefit of this amount which, in equity and good conscience, the county cannot retain. In *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801, 807 (60 S. E. 149, 15 L. R. A. (NS) 567, 121 Am. St. R. 244) it was said: "It is very generally held

that counties and municipal corporations are liable for money had and received by them and applied beneficially to their authorized objects, although the contract by which the money was obtained was unauthorized by law. Allen *v.* LaFayette, 89 Alabama 641; Salt Lake City *v.* Hollister, 118 U. S. 256; Parkersburg *v.* Brown, 106 U. S. 487; Dill. Mun. Cor. § 126; 20 Am. & Eng. Enc. L. (2d ed.) 1158; Luther *v.* Wheeler, 73 S. C. 83. The principle of liability rests upon the theory that the obligation implied by the law to pay does not originate in the unlawful contract, but arises from considerations outside of it. In ascertaining the quantum of liability the amount of the loan is not taken into account, but the measure of recovery is the money actually applied to lawful municipal or county uses. The obligation to account for money received by the county, and actually devoted to lawful purposes, rests upon the broad principle of common honesty, which will not permit the county to retain the benefit of money lawfully applied to its use, and at its request simply because the county lacked the power to borrow the money." In *Norris* v. *Nixon*, 78 *Ga. App.* 769 (52 S. E. 2d 529) this court said: "Where the right to and the amount of the claim are fixed by law, such claim does not come within the purview of those claims barred by Code § 23-1602. The claims intended to be barred by that section have reference to claims growing out of contract or breach of duty. *Tucker* v. *Shoemaker*, 149 *Ga.* 250 (99 S. E. 865); *County of Bibb* v. *Winslett*, 191 *Ga.* 860 (14 S. E. 2d 108); *Gamble* v. *Clark*, 92 *Ga.* 695 (19 S. E. 54); *Sammons* v. *Glascock County*, 161 *Ga.* 893 (3) (131 S. E. 881); *Rogers* v. *Citizens Bank of Douglas*, 149 *Ga.* 568 (5) (101 S. E. 674); *Culberson* v. *Watkins*, 156 *Ga.* 185 (119 S. E. 319); *Freeney* v. *Pape*, 185 *Ga.* 1 (4) (194 S. E. 515). However, the plaintiff in the instant case is not seeking *payment*. She seeks *repayment*. Mr. Norris had already paid himself the commissions in either 1939 or 1940, and by reason of the resolution of the Board of Commissioners of Roads and Revenues of Richmond County, refunded the money to the county treasurer.

"As we construe the petition, the present action is in the nature of an action for money had and received. 'If a county illegally obtains the money of another . . . and refuses, on demand, to make restitution an action for money had and received lies

against the county for the money so appropriated and used.' *City of Dawson* v. *Terrell County*, 38 *Ga. App.* 676 (145 S. E. 465); *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (NS) 567, 121 Am. St. R. 244). For an action by a tax collector against a county treasurer for money had and received where the money in question had been *paid under a mistake of fact*, see *Law* v. *Nunn*, 3 *Ga.* 90. See also, in this connection, *Cloud* v. *DeKalb County*, 70 *Ga. App.* 777 (29 S. E. 2d 441)." In the *Cloud* case, it is stated: "It follows that an action will lie against a county to recover money belonging to another which has been appropriated by the county on the theory that it belonged to the county and not to its real owner. . . See *City of Dawson* v. *Terrell County*, 38 *Ga. App.* 676. . . Under authority of the *Lynch* case [*Lynch* v. *Harris County*, 188 *Ga.* 651, 4 S. E. 2d 573] it was unnecessary for the claims to be presented to the county within twelve months." In *Culberson* v. *Watkins*, 156 *Ga.* 185, 189 (119 S. E. 319), the Supreme Court said: "Hence it is that the courts are uniform in asserting that the right of a public officer for compensation for the performance of duties imposed on him by law does not rest on contract, either express or implied." The provisions of Code § 23-1602 are not applicable to the facts set out in the instant case. The claim was brought by the plaintiff against the defendant within four years from the time when the county received the amount for which suit was brought. The statute of limitation is three years as set forth in Code § 3-702.

Counsel for the defendant call our attention to Code § 23-1502 to the effect that a county is not liable to any suit unless made so by statute. Under the authorities we have cited, a suit for money had and received, where it is against equity and good conscience for the one receiving it (and this includes a county), is not based on a contract or a statute. It is our opinion that there is nothing in *Culbreath* v. *Culbreath*, 7 *Ga.* 64, 70 (50 Am. D. 375) to assist the defendant, as contended, in the face of the allegations of the petition in the instant case. The following cases are not authority to maintain the position of the defendant: *Rose* v. *West*, 50 *Ga.* 474 (2); *Hirsch* v. *Oliver*, 91 *Ga.* 554 (2) (18 S. E. 354); *Newell & Bryan* v. *Stiles*, 21 *Ga.* 118, 122; *Arnold & DuBose* v. *Georgia R. & Bkg. Co.*, 50 *Ga.* 304, 310; *White* v.

*Rowland,* 67 *Ga.* 546, 557; *Camp* v. *Phillips,* 49 *Ga.* 455, 457; *Nevin* v. *Fouche,* 77 *Ga.* 47; *Atlanta Trust & Bkg. Co.* v. *Nelms,* 116 *Ga.* 915 (43 S. E. 380). See also Code §§ 20-1007, 37-209. The counsel for the defendant called our attention to *Whitehurst* v. *Mason,* 140 *Ga.* 148 (3) (78 S. E. 938) which holds: "Money paid through a mistake of law, with full knowledge of all the facts, can not be recovered back, unless it is made to appear that the person to whom is was paid can not in good conscience retain it."

We have endeavored throughout this opinion to clearly set forth the principle of law that in the instant case the county received the amount for which suit was brought and used it to pay legitimate debts of the county, and in such an event the county cannot, in equity and good conscience, retain the amount from the plaintiff. We find nothing in *Griffin Realty &c. Co.* v. *Chatham County,* 47 *Ga. App.* 545 (171 S. E. 237) which would authorize us, under the facts of this case, to sustain the judgment on demurrer. Our attention is called by counsel for the defendant to *Newsome* v. *Treutlen County,* 168 *Ga.* 764 (2) (149 S. E. 44) wherein it is held: "The suit was not brought within twelve months after the accrual of the right of action, and can not be urged as a substitute for or an equivalent of the presentation of a claim; and upon application of the statute quoted above, the court properly dismissed the case upon demurrer thereto. *Butts County* v. *Wright,* 136 *Ga.* 697 (71 S. E. 1046)."

The right of action in the instant case did not accrue until the Supreme Court decided, on October 11, 1955 (*Walden* v. *Owens,* 211 *Ga.* 884, 89 S. E. 2d 492), that the act changing certain officers of Floyd County from the fee system to the salary system was unconstitutional. The notice of the claim was given to the proper county authorities on January 19, 1956, and January 21, 1956, respectively. The suit was filed February 3, 1956. Thus all acts were done within the statutory time.

The court committed reversible error in sustaining the demurrers and dismissing the petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*