A98A0781. DOLLAR et al. v. OLMSTEAD.

(502 SE2d 472)

BIRDSONG, Presiding Judge.

Jim and Muriel Dollar, individually and as co-trustees of the Dollar Concrete Construction Company Profit Sharing Plan, appeal the grant of summary judgment to Tommy C. Olmstead, Commissioner of the Georgia Department of Human Resources and the denial of summary judgment to plaintiffs.

The record shows that on December 28, 1989, the Office of Child Support Recovery, a division of the Georgia Department of Human Resources, entered into an Administrative Consent Income Deduction Order ("Deduction Order") with Dwight Collins, an employee of Dollar. Collins acknowledged in the Deduction Order that he owed $4,808 in unpaid child support.

The Deduction Order required that: "[Collins'] employer . . . providing or administering income due [Collins] as wages, salary, bonus, commission, compensation as an independent contractor, workers

compensation, unemployment compensation, disability benefits, annuity and retirement benefits, pensions, dividends, interest royalties, trust or any other payments, shall deduct from all monies due . . . [t]he amount of $50.00 . . . each MONTH, to be deducted each pay period in approximate equal amounts, until the amount of unpaid support is paid in full."

After it was served with the Deduction Order and a Notice to Payor, Dollar withheld funds from Collins' pay and paid it to the Child Support Recovery Unit. The Notice to Payor provided as follows: "This Notice to Payor and the attached documents are binding on you until further notice from the Office of Child Support Enforcement or the court or until you no longer provide income to the obligor."

In 1991, Dollar decided to terminate a Profit Sharing Plan and Trust it had established for its employees. At the time the trust was terminated, Collins' share of the trust was $891.96, and he no longer worked for Dollar. Muriel Dollar wrote to Carol McLeod, an employee of the Child Support Recovery Unit of the Georgia Department of Human Resources, and asked whether she should send Collins' share of the trust money to Collins or the Child Support Recovery Unit. According to Muriel Dollar, Carol McLeod instructed her, after consulting with her legal department, to mail the $891.96 to the Child Support Recovery Unit.

After learning that the $891.96 had been paid to the Child Support Recovery Unit, Collins filed a suit against Jim and Muriel Dollar in their individual capacities and as co-trustees of the trust fund in the United States District Court for the Northern District of Georgia. The district court granted Collins' summary judgment motion, finding that ERISA's anti-alienation provision precluded the Dollars from paying Collins' trust money to a third party. A judgment requiring the Dollars to pay Collins $891.96, plus pre-judgment and post-judgment interest, was entered on November 27, 1992. The Dollars paid the judgment and requested that the Department of Human Resources reimburse them for this payment. This request was denied on December 23, 1992.

On August 10, 1994, Jim Dollar and Muriel Dollar, individually and as co-trustees of the Dollar Concrete Construction Company Profit Sharing Plan, filed suit against James Ledbetter, Commissioner of the Georgia Department of Human Resources. In this lawsuit, the Dollars assert causes of action for (1) deprivation of property without due process of law in violation of Art. I, Sec. I, Par. I of the Constitution of the State of Georgia; (2) denial of protection to property in violation of Art. I, Sec. I, Par. II of the Constitution of the State of Georgia; (3) conversion; (4) negligent application of statute; (5) unjust enrichment; and (6) violation of 42 USC § 1983. Plaintiffs

also requested that the court impose a constructive trust on the $891.96 paid to the Child Support Recovery Unit and order that it be paid to the Dollars. In an order dated July 27, 1995, the trial court noted that Tommy C. Olmstead was the successor in office to James Ledbetter and substituted Olmstead as the party defendant. On July 23, 1997, the trial court summarily granted the defendant's motion for summary judgment on all claims and denied the plaintiffs' motion for summary judgment on all counts. Plaintiffs appeal the grant of summary judgment to defendant on their constitutional tort claims, § 1983 claim, negligent application of statute claim and unjust enrichment claim. Plaintiffs also appeal the denial of their motion for summary judgment on all counts. *Held*:

1. In their second enumeration of error, plaintiffs contend that the trial court erred in granting summary judgment to the defendant on their § 1983 claim. "*Will v. Michigan Dept. of State Police*, 491 U. S. 58 (109 SC 2304, 105 LE2d 45) (1989) holds that § 1983 claims cannot be asserted against a state agency or state officials acting in their official capacity." *Professional Practices Comm. v. Brewer*, 219 Ga. App. 730, 731 (466 SE2d 651). Summary judgment was properly granted on plaintiffs' § 1983 claim.

2. In their third enumeration of error, plaintiffs claim that the trial court improperly granted summary judgment to the defendant on their equity claim for unjust enrichment or money had and received. "The common law doctrine of sovereign immunity, adopted by this state in 1784, protected governments at all levels from unconsented to legal actions." (Footnote omitted.) *Gilbert v. Richardson*, 264 Ga. 744, 745 (1) (452 SE2d 476). A 1991 amendment to the Georgia Constitution reiterates that "sovereign immunity extends to the state and all of its departments and agencies." Ga. Const. of 1991, Art. I, Sec. II, Par. IX (e). However, it also provides that "[t]he sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Id. The General Assembly has enacted no statute waiving sovereign immunity for equity claims against the state. Since Olmstead has been sued in his official capacity as the Commissioner of the Georgia Department of Human Resources, it is construed as a suit against the state and he is entitled to sovereign immunity for the plaintiffs' claim for equitable relief. *Price v. Dept. of Transp.*, 257 Ga. 535, 537 (361 SE2d 146); *Roberts v. Barwick*, 187 Ga. 691, 695 (1 SE2d 713).

3. The remaining tort claims against the defendant are also barred by the doctrine of sovereign immunity. The 1991 amendment to the State Constitution provides that the General Assembly, through a State Tort Claims Act, can determine when officers and

employees of the state or its departments may be subject to suit. *"Except as specifically provided by the General Assembly in a State Tort Claims Act*, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. *Except as provided in this subparagraph*, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions." (Emphasis supplied.) Ga. Const. of 1991, Art. I, Sec. II, Par. IX (d).

The Tort Claims Act provides "[t]his article constitutes the *exclusive* remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." (Emphasis supplied.) OCGA § 50-21-25 (a). It further provides that "[a] person bringing an action against the state under the provisions of this article must name as a party defendant *only* the state government entity for which the state officer or employee was acting and *shall not name the state officer or employee individually*. In the event that the state officer or employee is individually named for an act or omission for which the state is liable under this article, the state government entity for which the state officer or employee was acting must be substituted as the party defendant." (Emphasis supplied.) OCGA § 50-21-25 (b).

The Tort Claims Act's definition of "state officer or employee" includes an "officer or employee of the state." OCGA § 50-21-22 (7). The definition of "state" includes "the State of Georgia and any of its offices, agencies, authorities, [and] departments. . . ." OCGA § 50-21-22 (5). As the Commissioner of the Georgia Department of Human Resources, Olmstead is a state officer or employee entitled to immunity under the Tort Claims Act. OCGA § 50-21-26 (a). As a result, the plaintiffs improperly named him as the only defendant.

Since this Court treats a suit against the head of a state entity in his official capacity as a suit against the state itself, it is appropriate for this Court to consider whether the plaintiffs' remaining claims fall within the Tort Claims Act's waiver of sovereign immunity. *Mosier v. State Bd. of Pardons & Paroles*, 213 Ga. App. 545, 547 (445 SE2d 535). "The Georgia Tort Claims Act (the Act) excludes from its waiver of sovereign and official immunity losses resulting from the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused. The Act contains a

definition of discretionary function or duty: a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternative courses of action based upon a consideration of social, political, or economic factors." (Citations and punctuation omitted.) *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 527 (486 SE2d 917). Providing the alleged opinion to plaintiffs that Collins' trust money should be paid to the Child Support Recovery Unit, instead of Collins, was a discretionary function. Likewise, the decision not to return the $891.96 to plaintiffs was a discretionary function. The trial court properly granted summary judgment to the defendant on the plaintiffs' tort claims.

4. Plaintiffs' final enumeration of error, regarding the denial of their motion for summary judgment on all counts, is without merit for the same reasons that we affirm the trial court's grant of summary judgment.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 11, 1998.

*Gandy, Rice & Sundberg, Leon S. Gandy, Jr.*, for appellants.
*Thurbert E. Baker, Attorney General, William C. Joy, Dennis R. Dunn, Senior Assistant Attorneys General, Kevin M. O'Connor, Assistant Attorney General*, for appellee.