**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**July 1, 2021**

# In the Court of Appeals of Georgia

A21A0360. SMALL v. CHATHAM COUNTY et al.

PHIPPS, Senior Appellate Judge.

Rashawnda Small sued Kim H. Birge, Chatham County, South State Bank, formerly known as Savannah Bank ("South State Bank"), and others, alleging that Small was the beneficiary of insurance proceeds paid to her upon her father's death (the "funds"); that the Probate Court of Chatham County served as the custodian of the funds and held them in an account at South State Bank; and that Birge, the former clerk of the probate court, absconded with the funds. The trial court eventually dismissed all of the parties except for Birge. Small obtained a judgment against Birge. Small appeals following the entry of the final judgment, contending that the trial court erred in dismissing South State Bank and Chatham County. For the reasons that follow, we affirm.

On appeal,

> this Court conducts a de novo review of a trial court's ruling on a motion to dismiss. In doing so, our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any set of provable facts; however we need not adopt a party's legal conclusions based on these facts.

*Campbell v. Cirrus Education, Inc.*, 355 Ga. App. 637, 638 (845 SE2d 384) (2020) (citation and punctuation omitted). Likewise,

> [o]n appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order to determine whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts. Moreover, in considering a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings, including exhibits attached to the complaint or the answer. Nevertheless, we are mindful that a motion for judgment on the

2

pleadings should be granted only if the moving party is clearly entitled to judgment.

*BCM Constr. Group, LLC v. Williams*, 353 Ga. App. 811, 811-812 (840 SE2d 51) (2020) (citations and punctuation omitted).

So viewed, the record shows that Small, a minor, received insurance proceed funds as the beneficiary of her father's life insurance policy after his death in 2009. In 2010, a petition for conservatorship was filed with the Probate Court of Chatham County, requesting that Small's mother be appointed as the conservator over the funds. However, in 2011, Birge sent a letter to Assurant Employee Benefits asking that they send the funds to the Probate Court of Chatham County. In February 2011, the Probate Court of Chatham County then entered an order naming itself as the custodian of the funds, and the funds were apparently deposited into an account at South State Bank.

Birge later withdrew the funds and used them for her own benefit. Birge's actions were discovered, and in November 2014, Probate Court of Chatham County Judge Harris Lewis terminated Birge's employment. Small sued Birge, Chatham County, South State Bank, Judge Lewis, and Stephanie L. Gaines, who was Birge's chief assistant and the comptroller of the probate court. Relevant to this appeal, Small

3

asserted negligence, failure to audit, and breach of contract claims against Chatham County and claims for negligence, breach of contract, conversion, and person entitled to enforce instrument against South State Bank.

South State Bank filed an answer to the complaint wherein it attached as exhibits and incorporated by reference an account agreement and a corporate authorization resolution between the Probate Court of Chatham County and South State Bank. South State Bank then filed a "Motion to Dismiss and Motion for Judgment on the Pleadings," which it later amended. Chatham County and Gaines filed a joint motion to dismiss, and Judge Lewis also filed a motion to dismiss. In separate orders, the trial court granted the motions filed by South State Bank, Chatham County and Gaines, and Judge Lewis. A trial was held, and a jury returned a verdict against Birge, and the trial court entered a judgment against her. Small now appeals the trial court's dismissals of South State Bank and Chatham County. For the following reasons, we affirm.

1. Small contends that the trial court erred by finding that her claims against Chatham County were barred by sovereign immunity.[1] Specifically, Small argues four

---

[1] For convenience of discussion, we have taken the enumerated errors out of the order in which Small has listed them. *Steedley v. Gilbreth*, 352 Ga. App. 179, 181 (1), n.1 (834 SE2d 301) (2019).

4

reasons that sovereign immunity to her claims has been waived: (a) Georgia's Due Process clause, (b) OCGA § 29-6-8, (c) an absolute duty to return the funds, and (d) because she was a third-party beneficiary to a contract entered into between Chatham County and South State Bank. We conclude that the trial court properly applied sovereign immunity to bar Small's claims against Chatham County.

Under the Georgia Constitution, the State's sovereign immunity, which extends to counties, "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e); see *Gilbert v. Richardson*, 264 Ga. 744, 746-747 (2) (452 SE2d 476) (1994). "Although no special or magic words must be used by the legislature when enacting a statutory waiver of sovereign immunity, implied waivers are not favored, and it must be clear from the statute that immunity is waived and the extent of such waiver." *Georgia Lottery Corp. v. Patel*, 353 Ga. App. 320, 322 (836 SE2d 634) (2019). "Thus, where the plain language of a statute does not provide for a specific waiver of sovereign immunity and the extent of the waiver, the courts do not have the power to imply a waiver." Id. "And statutes providing for a waiver of sovereign immunity are in derogation of the

5

common law and thus are to be strictly construed against a finding of waiver." Id. (citation and punctuation omitted).

(a) *Waiver of sovereign immunity based on Georgia's Due Process Clause*. Small contends that Chatham County, through Birge's theft, deprived her of her property without due process of law and that these claims are not barred by sovereign immunity. We disagree.

The Georgia Supreme Court already has expressly rejected the contention that the Due Process Clause of Georgia's Constitution waives sovereign immunity. In *Lathrop v. Deal*, 301 Ga. 408, 427-428 (III) (A) (801 SE2d 867) (2017) (citations and punctuation omitted), our Supreme Court stated that

> [u]nlike the Takings Clause, many constitutional guarantees of right do not identify in specific and explicit terms a justiciable remedy for violations of the guarantee, nor are they without meaning in the absence of a right of action against the government itself. The Due Process Clause, for instance, guarantees that "[n]o person shall be deprived of life, liberty, or property except by due process of law," Ga. Const. of 1983, Art. I, Sec. I, Par. I, but what is to be done to remedy a deprivation of due process is not set forth in the constitutional text, and due process often can be vindicated by raising it defensively in proceedings commenced by the government. Consistent with that understanding, this Court—more than a hundred years ago—squarely rejected the notion that the Due Process Clause expressly or by implication affords a right

6

of action against the government. . . . [W]e find no compelling reason to reverse course now and hold that those guarantees imply a right of action against the government sufficient to overcome the constitutional doctrine of sovereign immunity.

Thus, Small's contention that Georgia's Due Process Clause waives sovereign immunity for her claims against Chatham County is incorrect. Id.

(b) *Waiver of sovereign immunity based on OCGA § 29-6-8.* Small also argues that Chatham County's sovereign immunity is waived based on the mismanagement of settlement funds under OCGA § 29-6-8. We disagree.

OCGA § 29-6-8 states that

[j]udges of the probate courts shall be held accountable on their official bonds for the faithful discharge of their duties pursuant to [OCGA §] 29-6-1 as custodians and for the proper distribution of funds coming into their hands as such custodians. It is the judge's responsibility to increase his or her official bond if necessary.

In turn, OCGA § 29-6-1 sets forth as follows:

The judges of the probate courts are, in their discretion, made the legal custodians and distributors of all moneys up to $15,000.00 due and owing to any minor or incapacitated adult who is in need of a conservator but who has no legal and qualified conservator; and the judges are authorized to receive and collect all such moneys arising from

7

insurance policies, benefit societies, legacies, inheritances, or any other source. . . .

Here, Small's reliance on OCGA § 29-6-8 is misplaced, and our opinion in *Bartow County v. Southern Dev., III*, 325 Ga. App. 879 (756 SE2d 11) (2014), is instructive. In *Southern Dev., III*, we rejected the plaintiff's argument that OCGA § 48-4-5, which provides how parties can obtain a distribution of excess funds from a tax sale "made by the tax commissioner, tax collector, or sheriff, or other officer holding excess funds," waives sovereign immunity for a county, stating that "there is no such waiver of immunity in OCGA § 48-4-5, *particularly with respect to the County itself.*" *Southern Dev., III*, 325 Ga. App. at 882 (1) (emphasis supplied). Likewise, pretermitting whether an action can be maintained under OCGA § 29-6-8 against a probate court judge, there is no express or clear waiver of sovereign immunity under OCGA § 29-6-8 with respect to *Chatham County itself*. See *Georgia Lottery Corp.*, 353 Ga. App. at 322. In fact, Small concedes that OCGA § 29-6-8 "does not expressly provide for [Chatham County's] waiver of immunity." Instead, Small argues that "the waiver expressed in that statute should apply to [the] party responsible for the loss." But, strictly construing OCGA § 29-6-8, we hold that the

8

statute authorizes no waiver against Chatham County, and Small has not shown that the trial court erred on this basis.

(c) *Waiver of sovereign immunity based upon an absolute duty to return the funds*. Small also argues that Chatham County's "absolute duty" to return the funds waives its sovereign immunity. We again disagree. In support of this argument, Small cites to *Owens v. Floyd County*, 94 Ga. App. 532 (95 SE2d 389) (1956), where we held that a county could be sued in equity for money "had and received," stating that "in the instant case the county received the amount for which suit was brought and used it to pay legitimate debts of the county, and in such an event the county cannot, in equity and good conscience, retain the amount from the plaintiff." *Owens*, 94 Ga. App. at 535. But, as we stated in *Dollar v. Olmstead*, 232 Ga. App. 520, 522 (2) (502 SE2d 472) (1998) (citations and punctuation omitted),

> [t]he common law doctrine of sovereign immunity, adopted by this state in 1784, protected governments at all levels from unconsented to legal actions. A 1991 amendment to the Georgia Constitution reiterates that sovereign immunity extends to the state and all of its departments and agencies. However, it also provides that the sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. The General

9

Assembly has enacted no statute waiving sovereign immunity for equity claims against the state.

Here, to the extent that Small is arguing that she has a right to assert an equitable claim against Chatham County, the Georgia Constitution has not waived sovereign immunity for such cases. *Dollar*, 232 Ga. App. at 522 (2). Additionally, Small contends that her status is similar to the plaintiff in *Owens* who sought "the difference between the salary paid to him and fees he paid to the county under a salary act that had been declared unconstitutional." Thus, she argues that sovereign immunity should not preclude her claim to funds that rightfully belong to her. Small, however, has not identified a statute expressly waiving sovereign immunity that applies to her case. Thus, Small has not shown that the trial court erred by finding there was no waiver of sovereign immunity on this basis.

(d) *Waiver of sovereign immunity as a third-party beneficiary.* Small next argues that she was a third-party beneficiary to a contract entered into between Chatham County and South State Bank and, therefore, sovereign immunity is waived for her claims. We disagree.

"The Georgia Constitution . . . waives sovereign immunity in breach of contract claims based upon written contracts." *Patel v. Georgia Lottery Corp.*, 350 Ga. App.

883, 886 (2) (830 SE2d 393) (2019). Small's complaint expressly alleged that the Probate Court of Chatham County entered into a contract with South State Bank to open a bank account and that she is a third-party beneficiary of that contract.[2] But the complaint and amended complaint do not allege that Chatham County itself entered into a contract with South State Bank. Although Small alleges that the Probate Court of Chatham County is a department of Chatham County and is staffed by employees of Chatham County, Chatham County, in fact, is a political division of the State of Georgia vested with legislative power; it is a distinct entity from the Probate Court of Chatham County. See Ga. Const. of 1983, Art. IX, Sec. 1, Par. I ("Each county shall be a body corporate and politic with such governing authority and with such powers and limitations as are provided in this Constitution and as provided by law."); Ga. Const. of 1983, Art. IX, Sec. 2, Par. I (a) ("The governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for

---

[2] Small's statement that she was a third-party beneficiary under the contract between the Probate Court of Chatham County and South State Bank is a legal conclusion, and we are not required to accept a party's legal conclusions when reviewing a trial court's grant of a motion to dismiss. *Campbell v. Cirrus Education, Inc.*, 355 Ga. App. 637, 638 (845 SE2d 384) (2020); *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 829 (1), n.4 (714 SE2d 388) (2011) (noting that the argument that a party is a third-party beneficiary under a contract is a legal conclusion).

11

which no provision has been made by general law and which is not inconsistent with this Constitution or any local law applicable thereto. . . .); Ga. Const. of 1983, Art. VI, Sec. 1, Par. I ("The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, state-wide business court, Court of Appeals, and Supreme Court."); *McCray v. Cobb County*, 251 Ga. 24, 26 (1) (302 SE2d 563) (1983) (recognizing judicial branch as distinct from a county). Thus, even if we were to accept Small's allegations that the Probate Court of Chatham County entered into a contract with South State Bank for her benefit, the trial court was authorized to dismiss Small's claims against Chatham County because her pleadings do not establish that there was a contract between Chatham County and South State Bank

intended for her benefit.[3] The trial court did not err in refusing to waive sovereign immunity on this ground.

2. Small also argues that the trial court erred in granting judgment on the pleadings to South State Bank because it failed to construe Small's negligence claim in the light most favorable to her and by considering matters outside of the pleadings.[4] We disagree.

Small alleged in her complaint that:

16. [South State] Bank knew these [funds] were held in trust for the benefit of . . . Small. For [South State Bank] to allow . . . Birge to steal

---

[3] An account agreement entered into between South State Bank and the Probate Court of Chatham County is attached as an exhibit to and incorporated into South State Bank's answer. The face of the account agreement shows that there was no third-party beneficiary identified in the contract. "[T]he intent to create a third-party beneficiary must appear on the face of a contract." *Perry Golf Course Dev., LLC v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 388 (1) (670 SE2d 171) (2008). And, "[i]n order for a third party to have standing to enforce a contract, it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient." Id. (citation and punctuation omitted). "[A] third-party beneficiary may be created only by the express terms of the contract[.]" Id. However, because Chatham County did not move for judgment on the pleadings, we have not relied on this document in this Opinion.

[4] On appeal, Small has not alleged that the trial court erred by granting judgment on the pleadings on the other claims asserted by Small against South State Bank.

these monies without any authority is reprehensible. It is liable in tort for this behavior.

. . .

28. Upon information and belief, [South State Bank] improperly monitored the accounts controlled by . . . Birge. It improperly allowed Birge to withdraw the money without even telling . . . Small. It is responsible for all damages incurred by [Small].

The trial court found that Small "has not identified any duty that South State Bank owed to [Small], who was a non-customer. [Small] has failed to present a meritorious common law negligence claim against South State Bank for receiving a check which was payable only to the Probate Court, into the Probate Court account."

On appeal, Small argues that her complaint's "allegations that the Bank was 'reprehensible' in 'allowing' Birge to steal Small's inheritance, that it 'improperly' monitored the accounts, and that it 'improperly allowed Birge to withdraw the money' clearly imply a duty to refuse to permit Birge to withdraw Small's funds." But Small has failed to articulate the basis of the duty for the Bank to monitor its accounts the way she states was required, and the trial court was not obligated to adopt Small's legal conclusions that such a duty existed. See generally *Caldwell v. Church*, 341 Ga. App. 852, 856 (2) (802 SE2d 835) (2017); *BCM Constr. Group, LLC*, 353 Ga. App.

14

at 812. Furthermore, the account agreement and corporate authorization resolution between the Probate Court of Chatham County and South State Bank were attached as exhibits to the answer and were expressly referenced in South State Bank's answer. Accordingly, the trial court could consider them in ruling on the motion for judgment on the pleadings. See *Caldwell*, 341 Ga. App. at 857 (2) (a). Small has not shown that the trial court erred in granting judgment on the pleadings to South State Bank on her negligence claim.

3. Because of our holding in Division 1 that Small's claims against Chatham County are barred by sovereign immunity and our holding in Division 2 that the trial court did not err in granting judgment on the pleadings to South State Bank on Small's negligence claim, we need not address Small's remaining enumerations of error.

4. South State Bank and Chatham County have filed motions to dismiss the appeal, alleging that Small failed to file a timely notice of appeal of the April 2018 orders dismissing South State Bank, Gaines, Judge Lewis, and Chatham County. But, at the time the trial court entered those orders, Birge remained a defendant. Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" In a case

15

involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

Here, the trial court did not enter a final judgment referencing OCGA § 9-11-54 (b) against any of the defendants in April 2018. Therefore, Small's right to appeal the orders dismissing her claims against South State Bank, Gaines, Judge Lewis, and Chatham County did not accrue until the trial court entered a final judgment against Birge on January 21, 2020. Small's notice of appeal, filed on February 19, 2020, was timely. OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days after the entry of the trial court's order). Therefore, we deny South State Bank's and Chatham County's motions to dismiss.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*