LYNCH *et al. v.* HARRIS COUNTY *et al.*

No. 12924.   SEPTEMBER 14, 1939.

*A. L. Hardy,* for plaintiff.

*T. L. Bowden, Joseph O. McGehee,* and *G. W. Huling,* for defendants.

GRICE, Justice.   This is a complaint for land, wherein Harris County is the real defendant. In *Miller* v. *Harris County,* 186 *Ga.* 648 (198 S. E. 673), we had before us a case identical with this one, except that there the executor was plaintiff. Having held

that the right of action, if any, was in the remaindermen, the latter instituted the present action. In the brief of counsel for plaintiffs occurs this statement: "It seems to me there is nothing to be decided in this case except the simple proposition: will ejectment lie against a county?" Nothing else was argued by him. In each of the briefs filed by counsel for the defendant we find it said that "In the brief and argument it will divide itself into six separate propositions, practically all of which relate back to the right to sue the County of Harris in ejectment, and the additional proposition of the bar of the statute of limitations." The only two issues argued in their briefs are, first, the right to sue the county for land; and second, the failure of the plaintiffs to present their claim, within twelve months from the date of accrual, to the county authorities. Since counsel for neither side argue or even refer to any other question, all the briefs assuming that the petitioners showed title to the property, we will confine our rulings to the issues specified by counsel.

■ Counsel for the defendants rely upon the Code, § 23-1502, declaring that "A county is not liable to suit for any cause of action unless made so by statute." The section is a codification of the principle ruled in *Hammond* v. *County of Richmond*, 72 *Ga.* 188, and *Smith* v. *Wilkes and McDuffie Counties*, 79 *Ga.* 125 (4 S. E. 20). In the *Hammond* case a convict sued Richmond County because a guard cruelly beat him without cause. After ruling that the county was not responsible in damages for the tort of the guard, it was further said: "In cases where the statute provides for the liability of counties, a recovery may be had." In the *Smith* case it was alleged that the two counties had constructed a bridge across a stream dividing the two, that the plaintiff had a mill upon the stream, and that the mill was damaged by obstructing the stream, the damage resulting from placing therein certain piers for the bridge and from throwing in a great quantity of stones, thereby causing a raft to form, etc. In that case the county authorities had contracted with an individual to build the bridge. It was held that it was not the duty of the county authorities to supervise the work done by a contractor, and that the county was not liable for the faulty construction of the bridge, the contract having been, duly made under an existing Code provision. In the opinion it was said: "Besides, there is no statutory provision for any such

action as this." Most of the cases where this court has applied the principle recognized by the Code section quoted above have been those sounding in tort, or in contract, or quasi-contract. In *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577), and *Howard* v. *County of Bibb,* 127 *Ga.* 291 (56 S. E. 418), both actions were dismissed because the counties were not liable, but in each case the statement was made that "A county is not liable to suit unless there is a law which in express terms or by necessary implication so declares." In *Decatur County* v. *Praytor &c. Contracting Co.,* 163 *Ga.* 929 (137 S. E. 247), is a full collection of the authorities which support the ruling there made, that whenever a county is by statute made liable for a given demand, an action against it will lie therefor, although the statute does not in express terms authorize or provide for the bringing of such an action. In *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850), it was held that where a county damaged private property by constructing an embankment and trestle work as an approach to a public bridge, the county would be liable to the owner for such damages, although there was no statute authorizing such action. The decision was placed upon the ground that the constitution declares that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid, and that the plaintiff's property was injured and damaged by the county. Counsel for the county seek to distinguish the present case from *Smith* v. *Floyd County,* in that the court only permitted Floyd County to be sued for damages, while in the instant case it is sought to recover, not damages, but the land itself. In the cited case Floyd County did not possess and claim title to the land of the plaintiff. It merely damaged it by building an embankment near it. Here the county has not simply damaged the plaintiffs' property; it has taken it. We find in 14 Am. Jur. § 46, the statement that "There is a well-established rule that where one has furnished to a county real or personal property under a contract which is merely invalid and not fraudulent or malum in se, and no payment is made by the county for such property, he may upon equitable terms recover it in specie, if recovery may be had without material injury to other county property and without causing any inconvenience to the public other than results from depriving the county of that to which it has no just claim." See also the authorities cited in a note to

Shaw v. Board of Education, 38 N. M. 298 (31 Pac. 2d, 993, 93 A. L. R. 432, 442). If under such circumstances a county may be sued for the specific property, there is a stronger reason, it seems to us, why it may be sued for land of which it has taken possession and which belongs to some one else. When it so takes private property, it violates the constitution, and by implication the property owner is given a right to redress in the courts. Ejectment, or a complaint for land under our Code, is an appropriate remedy and will lie.

■ The Code, § 23-1602, declares: "All claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred, unless held by minors or other persons laboring under disabilities, who are allowed 12 months after the removal of such disability." The plaintiffs did not comply with the terms of the Code just quoted. Do they assert a claim within the meaning of that section? In *Jackson Banking Co.* v. *Gaston*, 149 *Ga.* 31 (99 S. E. 30), it was ruled that county warrants are not such "claims" as are required to be presented within twelve months after they accrue or become payable. In *Sammons* v. *Glascock County*, 161 *Ga.* 893 (131 S. E. 881), it was ruled that the foregoing section was not applicable to allowances for salary of the commissioner of Glascock County under the act approved July 31, 1912 (Acts 1912, p. 389) ; and attention was called to the fact that the cases of *Butts County* v. *Wright*, 136 *Ga.* 697 (71 S. E. 1046), *Dement* v. *DeKalb County*, 97 *Ga.* 733 (25 S. E. 382), and *Neel* v. *Commissioners of Bartow County*, 94 *Ga.* 216 (21 S. E. 516), referred to claims against counties based on breach of duty. An assertion of ownership of land in possession of the county is not such a claim as must be presented within twelve months. The State of Washington has a statute requiring claims against a county to be presented to the county commissioners for allowance, before any action can be brought thereon. The Supreme Court of that State held that the statute had no application to an equitable suit to restrain the county from interfering with or diverting the flow of springs claimed by the plaintiff. Kiser v. Douglas County, 70 Wash. 242 (126 Pac. 622, 41 L. R. A. (N. S.) 1066, Ann. Cas. 1914B, 721). In Sammons v. Gloversville, 175 N. Y. 346 (67 N. E. 622), it was ruled that a similar statute had no application to a suit on the equity side of the court.

In that case the gravamen of the action was a continued trespass. In Bowie County *v.* Powell (Tex. Civ. App.), 66 S. W. 237, it was ruled that a Texas statute prohibiting suit against the county unless the claim on which the suit was founded shall have first been presented to the commissioners' court for allowance, has no application to an action of trespass to try title against the county. We reach the conclusion that relief can not be denied plaintiffs on the ground that they do not allege that they presented their "claim" within the date fixed by the statute.

*Judgment reversed. All the Justices concur.*