A91A0739. PUCKETT v. GWINNETT COUNTY.

(406 SE2d 561)

McMURRAY, Presiding Judge.

Appellant Wiley C. Puckett filed suit against appellee Gwinnett County on September 19, 1988, seeking compensation for the taking and diminution in value of certain real property he owned. Summary judgment was granted on June 9, 1990, to Gwinnett County on the ground that Puckett's claims were barred by the applicable statute of limitation and he appeals. *Held:*

From the evidence presented, the trial court found that in 1970 Gwinnett County instituted a road improvement project to straighten Killian Hill Road, which was completed in 1974. This project caused Killian Hill Road to be partially located on Puckett's land, but he made no objection to the realignment. Puckett claimed that according to the custom in the early 1970s, he was offered no compensation for the property and it was accepted as a donation. In 1974 Puckett's construction company paved the new road, and over the years he sold tracts of land from the property by deeds referring to the newly aligned road as the boundary line.

Puckett asserted in his lawsuit that various county officials told him from 1970 through 1987 that he would receive monetary compensation for the taking of the land, but that no specific dollar amount was discussed. All discussions after 1987 on which Puckett relied were statements to the effect that the situation would be "looked into," or that the county would "get around to taking care of it one of these days." He further alleged that he first learned that the county did not intend to compensate him and filed the instant suit when he mentioned to the special master at a condemnation hearing on a separate parcel of land that he had never been paid for the property taken by the Killian Hill Road project, and was told this matter should be ad-

dressed in a separate legal action. The trial court concluded that Puckett's knowledge of the road construction on his property, in particular his conduct on behalf of his construction company in contracting with the county to pave the graded roadbed on his property, prevented him from arguing that the 12-month statute of limitation imposed by OCGA § 36-11-1 did not apply.

Appellant contends that a genuine issue of material fact remains as to whether Gwinnett County's taking or appropriation of his property constituted a continuing trespass so as to render inapplicable the statute of limitation. We do not agree. It has long been the law in this state that pursuant to OCGA § 36-11-1 "[a]ll claims against counties must be presented by written demand . . . within twelve months after such claims accrue or become payable, or the same are barred, unless held by minors or persons laboring under disabilities." *Powell v. County of Muscogee*, 71 Ga. 587 (1883). See *Doyal v. Dept. of Transp.*, 142 Ga. App. 79 (234 SE2d 858). Conversations with individual commissioners or verbal proposals to compromise do not circumvent the limitation. *Powell*, supra at 588. This bar is likewise applicable in suits seeking to recover against a county for depreciation in market value of the property taken due to the alleged creation and maintenance of a continuing nuisance. *Bibb County v. Green*, 42 Ga. App. 552, 553 (2) (156 SE 745). See also *Reid v. Gwinnett County*, 242 Ga. 88 (249 SE2d 559). "The facts reflect that a written claim was not submitted within the 12 months required by statute. There being no genuine issue of material fact, under the facts and law, the trial court did not err in granting summary judgment to [Gwinnett] County based upon the failure of the [appellant] to comply with the notice requirements of the statute. [Cit.]" *Doyal v. Dept. of Transp.*, 142 Ga. App. 79, supra at 80.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1991.

*Andersen, Davidson & Tate, Thomas T. Tate, William M. Ray II*, for appellant.

*Richard A. Carothers, Caryl B. Sumner*, for appellee.

