### A92A1891. JONES v. FULTON COUNTY et al.
(427 SE2d 802)

Pope, Chief Judge.

Plaintiff William S. Jones was joint owner, with his ex-wife Linda Jones, of an undeveloped lot in Fulton County. Pursuant to the terms of the consent order entered in their divorce case in 1982, plaintiff acknowledged he was jointly liable on the mortgage note for the property and the parties agreed to sell the property and equally divide the proceeds. When the parties sought to sell the property, they learned it was within the path of the proposed extension of Georgia 400 highway and would be subject to condemnation for that purpose. The property was conveyed to defendant Fulton County by warranty deed dated December 20, 1985, and the county later conveyed the property to the Georgia Department of Transportation which commenced construction of the highway. The deed to the county bore the notarized signature of Linda Jones and what purported to be the notarized signature of plaintiff. On March 20, 1991, plaintiff filed a complaint against the county and the Commissioner of the Georgia Department of Transportation ("Commissioner") alleging his signature on the deed was forged and he received no compensation for the taking of the land. The complaint demanded compensation for plaintiff's one-half interest in the property.

Defendant county filed a motion for summary judgment on the ground that plaintiff's complaint is barred by OCGA § 36-11-1, which requires claims against counties to be presented within 12 months after they accrue. Defendant Commissioner filed a motion for summary judgment on the grounds that plaintiff's claim is barred by laches and ratification of the allegedly fraudulent conveyance. Plaintiff also filed a motion for summary judgment and for attorney fees. The trial court granted summary judgment to both defendants and denied plaintiff's motion. Plaintiff appeals.

1. The record shows plaintiff discovered the allegedly fraudulent conveyance of the property in late 1987. Thus, plaintiff's claim

against the county accrued more than 12 months before notice of the claim was presented to the county by the filing of the complaint. Relying upon *Lynch v. Harris County*, 188 Ga. 651 (4 SE2d 573) (1939), plaintiff argues his claim is not subject to the requirement of OCGA § 36-11-1. *Lynch* was an ejectment action to recover title to the land from the county. The Supreme Court rejected the county's argument that the claim was barred by the notice statute because "[a]n assertion of ownership of land in possession of the county is not such a claim as must be presented within twelve months." Id. at 654 (2). By contrast, the complaint in this case is not one for title to the property in question but states a claim for compensation for the county's purchase of the property. The notice requirement of OCGA § 36-11-1 does apply to an action for compensation for the taking of land. *Puckett v. Gwinnett County*, 200 Ga. App. 53 (406 SE2d 561) (1991). Thus, summary judgment was properly granted to defendant county.

2. Summary judgment was properly granted to defendant Commissioner because the facts establish plaintiff's claim is barred by laches and ratification. One of the considerations in determining whether a claim is barred by laches is whether the delay was such as " 'to justify a presumption that, if the plaintiff was ever possessed of a right, it has been abandoned or waived, or has been satisfied.' [Cits.]" *Hodges v. Libbey*, 224 Ga. 509, 510 (162 SE2d 716) (1968). The record shows the divorce settlement between plaintiff and his ex-wife not only granted him the right to half the proceeds of the sale of the property but also imposed on him certain financial obligations such as child support payments. In 1989 Jones pursued a claim against his ex-wife for his portion of the proceeds of the sale by way of a motion for contempt in their divorce case. The presumption arises that his claim was satisfied by applying his portion of the proceeds of the sale to his obligations under the divorce settlement. Moreover, the presumption arises that his claim was satisfied by the benefits he reaped from the sale, such as satisfaction of the mortgage note and taxes due on the property. The acceptance of benefits from an allegedly unauthorized act creates a presumption of ratification. *Hendrix v. First Bank of Savannah*, 195 Ga. App. 510 (1) (394 SE2d 134) (1990) (in which we ruled that summary judgment was properly granted the bank which negotiated a forged check because the facts showed the plaintiff reaped benefits from the transaction and then remained silent for eight months after discovery of the forgery before pursuing the claim). Plaintiff's claim against the Commissioner is barred by the fact that he benefited from the sale of the property and yet delayed in pursuing his claim for over three years after discovery of the alleged forgery.

3. Because defendants' motions were meritorious, the trial court did not err in denying plaintiff's motion for attorney fees for the as-

sertion of groundless defenses pursuant to OCGA § 9-15-14 (b).
*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 3, 1993 —
RECONSIDERATION DENIED FEBRUARY 19, 1993 —

*Murray & Erck, Kevin T. Moore*, for Jones.
Linda M. Jones, *pro se.*
*Dwyer & White, J. Matthew Dwyer, Jr., Carmen D. Smith*, for DOT.
*Weiner, Yancey & Dempsey, Beryl H. Weiner*, for Fulton County.