A93A2168. NUCOR CORPORATION v. MEYERS.
(440 SE2d 531)

JOHNSON, Judge.

NUCOR Corporation d/b/a NUCOR Steel filed suit against Alan Meyers. When Meyers' summons and service copy of the complaint were returned "non est," a professional process server was retained. The process server claimed to have perfected service on November 22, 1992. Meyers denied having been served and filed a motion to set aside service. NUCOR opposed the motion and filed a motion for default judgment. After a hearing, the trial court granted Meyers' motion to set aside service and denied NUCOR's motion for default judgment. The trial court also granted Meyers' request for attorney fees. NUCOR appeals.

1. NUCOR contends that the trial court erred in basing its decision to set aside service solely upon an airline ticket receipt produced by Meyers. We agree and reverse. At issue is a receipt which shows that an airline ticket was purchased on November 20 in New York for travel December 1, 1992 from Atlanta to what appears to be Newark, New Jersey. Meyers testified that he might have been in New York on November 22, 1992, and proffered the receipt to substantiate that claim. At the same hearing, Meyers testified that he was either in Atlanta or in Columbus on that date. Meyers produced no witnesses to prove his whereabouts. On the other hand, the process server testified that he personally served Meyers in Atlanta at the Calibre Springs Apartment complex on November 22, 1992. Meyers' stepdaughter testified that she saw Meyers on the afternoon of November 22, 1992 when she went to the Calibre Springs Apartment to pick up her brother after his weekend visit with Meyers. Still, the trial judge stated that the disposition of the motion was "going to turn on the

physical evidence of the receipt." The judge made no findings of fact in his order.

The trial court's holding is problematic for two reasons. First, the receipt has no relevance regarding Meyers' whereabouts on November 22, the day service was allegedly perfected. "[A]ny evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. (Cit.)" (Punctuation omitted.) *Tower Financial Svcs. v. Jarrett*, 199 Ga. App. 248, 251 (3) (404 SE2d 622) (1991). The receipt indicates that the ticket was purchased through a travel agency on November 20, 1992. It does not give any indication as to where Meyers was on the date the ticket was purchased. In addition, the receipt indicates that Meyers was to travel *from Atlanta* on December 1, 1992. If any inference could be drawn from that information, it would be that Meyers was in *Atlanta*, not New York, prior to December 1, 1992. Finally, even if Meyers was out of town on November 20, 1992, when the ticket was purchased, it does not necessarily follow that he was still out of town two days later. Since the receipt did not tend to prove the fact for which it was admitted, i.e., that Meyers was not in Atlanta on November 22, 1992, the evidence was not relevant. It certainly should not have been considered the evidence upon which the case turned.

Secondly, the receipt was not the type of evidence required for setting aside service. "When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984); *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989). The one piece of evidence which the trial court felt dispositive was not clear or convincing. Nor did the information contained in the receipt constitute the strongest evidence admitted. Meyers' own sworn testimony that he might have been in Atlanta, as well as the sworn testimony of witnesses who said either that Meyers was served or that he was in Atlanta on the date in question was stronger, clearer and more convincing. The trial court erred in finding that Meyers met his burden of proof.

Meyers argues that there was other evidence to support the trial judge's decision and that the judgment should be affirmed based upon the "right for any reason" rule. This argument is without merit. Here, the trial court specifically stated that his decision was based on the receipt. The "right for any reason" principle does not apply when a judgment is based on an erroneous legal conclusion or theory. *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 843 (1) (392

SE2d 37) (1990). In deciding that the receipt was sufficient for Meyers to meet his burden of proof, when that receipt was irrelevant and the inference the court drew from it was contradicted by direct, testimonial evidence, the trial court committed a legal error. Because the trial court's ruling rests upon an erroneous legal theory, reversal is required. *All Phase Elec. Supply Co. v. Foster & Cooper*, 193 Ga. App. 232, 233-234 (2) (387 SE2d 429) (1989). In reversing the trial court's grant of Meyers' motion to set aside service, we also vacate the order denying NUCOR's motion for default judgment. The case is remanded to the trial court for a hearing on NUCOR's motion for default judgment.

2. NUCOR contends that the trial court erred in awarding expenses of litigation to Meyers. For reasons set forth in Division 1 above, NUCOR's opposition to Meyers' motion was meritorious. Accordingly, Meyers' motion for fees pursuant to OCGA § 9-15-14 (a), (b) must be reversed. See *Jones v. Fulton County*, 207 Ga. App. 397, 398-399 (3) (427 SE2d 802) (1993).

3. In light of our holding in Division 1 above, we need not consider NUCOR's remaining enumeration of error.

*Judgment reversed and case remanded. McMurray, P. J., and Blackburn, J., concur.*

Decided February 1, 1994.

*Kitchens, Kelley, Gaynes, Stephen V. Kern*, for appellant.
*Isenberg & Hewitt, Harriett C. Isenberg, Richard A. Childs*, for appellee.
Judith Meyers, *pro se.*