## A01A2377. CAMPBELL v. COATS.
(561 SE2d 195)

ANDREWS, Presiding Judge.

Timothy Campbell appeals from the trial court's order dismissing his personal injury action against Robert Coats. Campbell dismissed his original action against Coats after the expiration of the applicable statute of limitation and then filed a renewal action against Coats pursuant to OCGA § 9-2-61. Coats raised the defense of insufficient service in his answer to the original action and moved for dismissal of the renewal action on the basis that he was not properly served in the original action. The trial court correctly concluded that the original action was void for lack of proper service on Coats and correctly dismissed the renewal action because a void action cannot be renewed pursuant to § 9-2-61. *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994).

1. The evidence was sufficient to support the trial court's finding that the original action was void because Coats was never properly served.

Campbell filed the original complaint against Coats on October 8, 1997, a few days before the expiration of the applicable statute of limitation. Instead of serving Coats personally with the summons and complaint, service was attempted pursuant to former OCGA § 9-11-4 (d) (7) (now codified as § 9-11-4 (e) (7)) "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." Id. In order for this form of service to constitute valid service on Coats, it was necessary that the person who received the copies at Coats's residence actually reside there with Coats. *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46 (453 SE2d 108) (1995).

The sheriff's return of service shows that service was made at Robert Coats's residence by handing a copy of the complaint and summons "into [the] hands of Chris Coats . . . domiciled at the residence of defendant." In support of the motion to dismiss, Robert Coats and his adult son, Chris Coats, gave affidavits which stated that Chris Coats did not reside with Robert Coats when the deputy sheriff made the attempted service. Rather, Chris Coats and his wife were visiting with Robert Coats at the time. Chris Coats stated that his father was not home at the time the deputy attempted service and that, when his father returned home, he told him the deputy had left the suit for him. The deputy sheriff provided an affidavit stating

that he served the suit at Robert Coats's residence by delivering a copy of the summons and complaint to Chris Coats. He further stated that Chris Coats told him he was Robert Coats's son and that, when asked if he resided with Robert Coats, he responded, "Yes." Eight days after giving the affidavit, the deputy testified at a hearing on the motion to dismiss that he could remember serving the papers in the original suit, but he could not recall whom he served or any conversation he had with Chris Coats. The deputy admitted that it was misleading for him to state in the affidavit that Chris Coats told him he resided with Robert Coats. However, he testified further, "[B]ut what I'm saying is if he hadn't of said yes, then I wouldn't have served the paper, that he lived at the residence." In other words, the deputy testified that, although he could not remember the events, based on his usual practice he would not have returned service showing he handed the papers to Chris Coats unless Chris Coats had told him he resided at Robert Coats's residence.

Thus the trial court was presented with conflicting evidence on the issue of whether proper service was made under OCGA § 9-11-4 (d) (7) on a person residing with Robert Coats. The sheriff's return of service constituted prima facie proof that Chris Coats resided with Robert Coats, but it was not conclusive and could be traversed by proof that it was untrue. *Yelle*, 216 Ga. App. at 47. The affidavits of Roberts Coats and Chris Coats provided direct evidence based on personal knowledge that Chris Coats did not reside with Roberts Coats when the attempted service was made. On the other hand, the deputy admitted he had no personal memory of handing the papers to or speaking to Chris Coats. The deputy's testimony that his usual practice would have been to confirm that Chris Coats resided with Robert Coats before serving papers in reliance on § 9-11-4 (d) (7) was circumstantial evidence, the probative value of which was for the trial court to determine. *Fletcher Emerson Mgmt. Co. v. Davis*, 134 Ga. App. 699, 701 (215 SE2d 725) (1975).

Coats had the burden of proving improper service, and in order to set aside the return of service showing proper service, the evidence must not only be clear and convincing but the strongest of which the nature of the case will admit. *Nucor Corp. v. Meyers*, 211 Ga. App. 787, 788 (440 SE2d 531) (1994). Moreover,

[a]bsent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. Whether the evidence is sufficient to overcome facts reflected in a return of service is a question to be resolved by the trial court as the factfinder.

Those findings will not be disturbed on appellate review when supported by any evidence.

(Citations omitted.) *Franchell v. Clark*, 241 Ga. App. 128, 131 (524 SE2d 512) (1999). Applying these standards, the affidavits of Robert Coats and Chris Coats provided sufficient evidence to support the trial court's conclusion that Chris Coats did not reside with Robert Coats when the attempted service was made and that handing the papers to Chris Coats did not constitute proper service on Robert Coats under OCGA § 9-11-4 (d) (7). The fact that Robert Coats became aware of the suit when he received the papers from his son is no substitute for compliance with the service statute. "[T]here is no authority to dispense with the clear requirements of OCGA § 9-11-4 (d) (7) merely because the defendant may otherwise obtain knowledge of the filing of the action." *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989). The trial court did not abuse its discretion by finding insufficient service of process in the original action and by dismissing the renewal action.

2. There is no basis for Campbell's contention that Coats's motion to dismiss filed in the renewal action was untimely because he failed to pursue the insufficient service defense by motion in the original action. Campbell concedes that Coats raised insufficiency of service as a defense in his answer in the original action, but he contends that Coats was also required to move for dismissal on that ground in the original action to preserve this defense in the renewal action. However, by raising insufficiency of service in his answer in the original action, Coats preserved the defense. OCGA § 9-11-12 (b), (h). He did not lose the right to raise this defense in the renewal action and show the original action was void simply because Campbell dismissed the original action before a motion was filed or a ruling was obtained on the defense in the original action.

*Judgment affirmed. Johnson, P. J., Ruffin, Miller, Ellington and Phipps, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

I dissent, because the holding of the Supreme Court of Georgia requires that the original action be treated as voidable and not void.

The defendant, Robert Donald Coats, was personally served with the renewal action. While the defendant made an OCGA § 9-11-12 (b) (4) and (5) for failure to serve and insufficient service, the plaintiff voluntarily dismissed the original complaint without prejudice and refiled the complaint as a renewal action to correct such defect as to sufficiency of service. Therefore, the original action was voidable and not void, because the trial court had not ruled on the motion to dismiss at the time of dismissal.

The renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on [grounds] not affecting its merits. *Clark v. Newsome*, 180 Ga. 97 (178 SE 386) (1935); *Cox v. Strickland*, 120 Ga. 104 (7) (47 SE 912) (1904); *Atlanta K & N R. Co. v. Wilson*, 119 Ga. 781 (47 SE 366) (1904), and cases cited therein. The privilege of dismissal and renewal does not apply to cases decided on [the] merits or to void cases, but does allow renewal if the previous action was merely voidable. *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (3) (374 SE2d 737) (1989). The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. [Id.]; *Hilton v. Maddox, Bishop, Hayton &c.*, 125 Ga. App. 423 (1) (188 SE2d 167) (1972). A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. *However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.*

(Punctuation omitted; emphasis supplied.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); accord *Tate v. Coastal Utilities*, 247 Ga. App. 738, 740 (1) (545 SE2d 124) (2001). Neither this nor the original action suffered from any deficiency which rendered it void ab initio.[1]

"Defenses which are raised in the renewal action will be adjudicated only with respect to that which occurred subsequent to refiling." *Hobbs v. Arthur*, supra. Thus, the trial court erred as a matter of law in dismissing the renewal action, because it found that the service in the original action was insufficient, which made such action voidable and not void. Id.

DECIDED FEBRUARY 26, 2002 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Parker & Lundy, William L. Lundy, Jr., Charles E. Morris, Jr., Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.

---

[1] These "includ[e] actions that were filed and not served, [*Branch v. Mechanics' Bank*, 50 Ga. 413, 418 (1873);] *Acree v. Knab*, 180 Ga. App. 174 (348 SE2d 716) (1986) and actions in which the court lacks subject-matter jurisdiction. *Keramidas v. Dept. of Human Resources*, 147 Ga. App. [820, 821 (250 SE2d 560) (1978)]." (Footnote omitted.) *Patterson v. Douglas Women's Center*, supra at 804 (4).

*Magruder & Sumner, J. Clinton Sumner, Jr., Susan D. Taylor, King & Spalding, Lanny B. Bridgers, Steven J. Estep*, for appellee.