A06A1763. BALLENGER et al. v. FLOYD.
(639 SE2d 554)

ANDREWS, Presiding Judge.

Plaintiffs below appeal from the trial court's grant of Troy Christopher Floyd's motion to dismiss due to insufficient service of process. We find no error and affirm.

This case arose after an automobile accident in which plaintiffs' (collectively "Ballenger's") decedent was killed. Ballenger sued the driver of the other vehicle, the driver's father, Hooters' Restaurant, and Troy Floyd, a passenger in the other vehicle.

Instead of serving Floyd personally with the summons and complaint, the process server attempted to serve him pursuant to OCGA § 9-11-4 (e) (7), which provides that the defendant may be served "by leaving copies [of the summons and complaint] at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." The record shows that an entry of service for Troy Floyd was made as being given to "Linda Floyd — Mother" at "197 King's Gin Road."

When reviewing a claim of insufficient service of process, we first note that a return of service is a prima facie showing of personal service. *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). But, although a return of service imports verity and itself is prima facie evidence concerning the facts recited therein, it is not conclusive and may be traversed and set aside by proof that such facts are untrue. *Kim v. Platt*, 229 Ga. App. 92, 93 (493 SE2d 249) (1997). This proof must be "not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *NUCOR Corp. v. Meyers*, 211 Ga. App. 787, 788 (440 SE2d 531) (1994).

Applying these standards, the record shows that Floyd submitted an affidavit stating that he gave Ballenger his correct address, 130 Chandler Road, at his deposition, and he continued to reside at that address. Floyd also stated that he never gave his mother permission to accept service on his behalf. In addition, Floyd submitted his mother's affidavit stating that he did not live at her address and had not authorized her to receive service of any legal documents.

The trial court found that Ballenger served Floyd at his mother's address on January 17, 2003, despite having known of Floyd's correct address at least as of May 22, 2002. The court also pointed out that Ballenger had not introduced any evidence that Floyd lived at his mother's house and not at the 130 Chandler Road address. The court concluded, therefore, that plaintiffs could not show that Ballenger exercised the greatest possible diligence in attempting to serve Floyd.

On appeal, "absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. . . . Those findings will not be disturbed on appellate review when supported by any evidence." (Citation omitted.) *Campbell v. Coats*, 254 Ga. App. 57, 58-59 (561 SE2d 195) (2002).

In *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989), the Supreme Court rejected the "substantial compliance rule" in matters involving service of process. The Court held that service must be made as provided by the Code section. Id. at 419. Moreover, the Court also held that there was no authority to dispense with the clear requirements of the Code section "merely because the defendant may otherwise obtain knowledge of the filing of the action." Id.

Contrary to Ballenger's contention on appeal, the record does not support her position that Floyd's mother's address was sometimes Floyd's place of abode or dwelling place. Ballenger points to Floyd's testimony at his deposition that he would sometimes stay at his mother's house and sometimes stay at his father's. But, this statement was in response to questions about where he was staying at the time of the accident, December 1999, three years previously. As previously stated, when asked his current address at this same deposition, Floyd responded that he lived at 130 Chandler Road. Therefore, service on Floyd's mother at a different address was insufficient. See *Terrell v. Porter*, 189 Ga. App. 778, 779 (377 SE2d 540) (1989) ("A copy of the summons and complaint left with a relative at a place other than appellee's residence or usual place of abode is not sufficient service.") (citation omitted).

Moreover, Floyd raised the defense of insufficient service in his answer and Ballenger was on notice that service had not been perfected. Nevertheless, Ballenger made no further efforts to perfect service. "Once the plaintiff becomes aware of a problem with service, . . . his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." (Citation omitted.) *Harris v. Johns*, 274 Ga. App. 553, 554 (618 SE2d 1) (2005). Floyd's answer asserting insufficiency of service put Ballenger on notice and she was then required to exercise the greatest possible diligence to ensure proper and timely service. *Pryor v. Douglas*

*Shopper — The Coffee County News*, 236 Ga. App. 854, 857 (514 SE2d 59) (1999). Ballenger did not do so.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED NOVEMBER 28, 2006.

*Martenson, Hasbrouck & Simon, Peter V. Hasbrouck*, for appellants.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Jeffrey P. Raasch*, for appellee.