**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 16, 2021**

# In the Court of Appeals of Georgia

A20A1918. MCFADDEN v. BRIGHAM.                    DO-067

DOYLE, Presiding Judge.

Indya McFadden sued Sandra Brigham seeking damages for injuries allegedly arising from an automobile collision. Following the dismissal of her complaint, McFadden appeals, contending that the trial court erred by concluding that she failed to timely serve Brigham with process. Because the record supports the trial court's determination, we affirm.

The record shows that on June 12, 2019, McFadden filed a complaint alleging that Brigham injured her by driving negligently and causing a collision on or about June 20, 2017. The same day, McFadden also filed discovery requests comprising interrogatories and a request for production of documents.

The parties do not dispute that the applicable statute of limitation expired on June 20, 2019,[1] and on that day, the sheriff purported to execute residential service on Brigham by leaving a copy of the summons and complaint with her adult son, Robert Brigham, at a residence located on Highway 88 in Hephzibah, Georgia. The sheriff's return of service averred that Robert was "a person . . . residing within" that residence.

Eleven days later, on July 1, 2019, Brigham filed an answer raising certain defenses, including insufficient service of process and lack of jurisdiction (but not venue), and admitting "a negligent act" while denying other negligence alleged in the complaint. According to Brigham's appellate brief, she responded to McFadden's discovery requests on July 22, stating that service of process had not been perfected as of that time, and the brief contains an image of the first page of that response. Nevertheless, Brigham does not dispute that this document was not filed in the record in the trial court, nor does it appear in the appellate record; accordingly, this Court cannot consider the purported discovery response.[2]

---

[1] See OCGA § 9-3-33 (establishing a two-year statute of limitation for injuries to the person).

[2] See *In/Ex Systems, Inc. v. Masud*, 352 Ga. App. 722 (1) (835 SE2d 799) (2019) ("[F]actual assertions in appellate briefs and in briefs in the trial record and

On September 30, 2019, Brigham filed a motion to dismiss or in the alternative for summary judgment on the ground that she had not been timely served. She attached an affidavit from herself and from Robert, both of which averred that Robert was not a resident at the Highway 88 address where the sheriff had purported to execute residential service.

On October 8, 2019, the sheriff achieved personal service on Brigham at the Highway 88 residence, and on October 30, McFadden filed a response opposing Brigham's motion to dismiss/motion for summary judgment. Brigham filed a reply brief in November, and in May 2020, the trial court entered an order granting the motion to dismiss with prejudice based on McFadden's failure to timely perfect service. McFadden now appeals.

McFadden contends that the trial court erred because she reasonably believed that she had perfected service, and when she was notified that she had not, she diligently achieved personal service. We disagree.

> [If, as here,] a complaint is filed near the [expiration of the] statute of limitation and service is made after the statute expires and after the

not otherwise supported by evidence of record cannot be considered on appellate review. [B]riefs cannot be used in lieu of the record or transcript to add evidence to the record.") (citation and punctuation omitted).

five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service. The plaintiff has the burden of showing that due diligence was exercised. The determination of whether the plaintiff is guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.[3]

Here, the record shows that McFadden's initial June 20 attempt at service by the sheriff at the purported residence was on the final day before the statute of limitation expired, and it "provided prima facie proof of proper service."[4] Even so, such a return of service is not conclusive because it is the fact of service and not the return itself that controls.[5] Therefore, proof that service is improper can contravene

---

[3] (Punctuation omitted.) *Ali v. ESA Mgmt., LLC*, __Ga. App. __ (1) (850 SE2d 501) (2020), quoting *Cantin v. Justice*, 224 Ga. App 195, 196 (480 SE2d 250) (1997). See also *Griffin v. Trinidad*, 357 Ga. App. 492 (850 SE2d 878) (2020) (holding that this Court will uphold "[a] trial court's ruling on a motion to dismiss a complaint for insufficient service of process . . . absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and [those] findings will be upheld if there is any evidence to support them."), quoting *Woodyard v. Jones*, 285 Ga. App. 323 (646 SE2d 306) (2007).

[4] *Oglesby v. Deal*, 311 Ga. App. 622, 626 (1) (716 SE2d 749) (2011).

[5] See *Seibert v. Alexander*, 351 Ga. App. 446, 449 (2) (829 SE2d 473) (2019) ("[i]t is the fact of service which confers jurisdiction, and not the return, and the latter

a facially valid return of service[6]; it is the defendant's burden to offer such proof,[7] which must be "not only clear and convincing, but the strongest [evidence] of which the nature of the case will admit."[8]

Brigham offered this proof in her motion to dismiss in the form of affidavits from her and Robert stating that Robert did not reside at the location where the sheriff attempted residential service by leaving the summons with Robert. These affidavits were uncontroverted and rebut the prima facie evidence in the sheriff's first return of service.[9]

Despite this, McFadden argues that she nevertheless acted diligently because she cured the defect within days after she became aware of it by way of Brigham's September 30, 2019 motion to dismiss. But three months earlier, Brigham had raised

___

may be amended to speak the truth").

[6] See id.

[7] See *Merck v. Saint Joseph's Hosp. of Atlanta*, 251 Ga. App. 631, 632 (555 SE2d 11) (2001) (burden of demonstrating improper service is on the defendant).

[8] *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 365 (1) (823 SE2d 51) (2019).

[9] See *Ballenger v. Floyd*, 282 Ga. App. 574, 575 (639 SE2d 554) (2006) (affidavits from a mother and son were sufficient to prove that the mother was not authorized to accept service on behalf of the son and that the son did not live with the mother).

the defense of lack of service in her answer filed on July 1, 2019. Therefore, McFadden was on notice at that time that service remained contested, and she should have taken further action to determine the status of the action.[10] "[If] the statute of limitation has expired and the defendant has raised a service defense in court," the plaintiff has a duty to employ the "greatest possible diligence to ensure proper and timely service."[11]

McFadden relies on a case from this Court published in 1988, *Miller v. Hands*,[12] in which the Court affirmed the trial court's discretionary determination that a "boilerplate" answer raising insufficiency of service was not enough to trigger the plaintiff's burden to immediately discover and cure a defect in service in the face of

---

[10] See *Swain v. Thompson*, 281 Ga. 30, 32 (2) (635 SE2d 779) (2006) ("Receipt of [the defendant's] answer asserting insufficiency of service put [the plaintiff] on notice and should have inspired [her] to exercise the greatest possible diligence to ensure proper and timely service."); *Ballenger*, 282 Ga. App. at 575 ("[The defendant] raised the defense of insufficient service in his answer and [the plaintiff] was on notice that service had not been perfected."); *Pryor v. Douglas Shopper - the Coffee County. News*, 236 Ga. App. 854, 856 (1) (514 SE2d 59) (1999) ("[R]eceipt of the defendants' answer asserting insufficiency of service should have put [the plaintiff] on notice and inspired [her], through counsel, to exercise the greatest possible diligence to ensure proper and timely service.") (punctuation omitted).

[11] (Punctuation omitted.) *Griffin*, 357 Ga. App. at 495 (1), quoting *Van Omen v. Lopresti*, 357 Ga. App. 9, 14 (849 SE2d 758) (2020).

[12] 188 Ga. App. 256 (372 SE2d 657) (1988).

6

"some evidence which might arguably be construed as suggesting an affirmative effort to prevent [the plaintiff] from perfecting personal service on [the defendant]."[13] Based on this, McFadden argues that Brigham's "boilerplate" defense of insufficient service in her July 1 answer did not warrant additional further investigation on her part.

Nevertheless, this Court has clarified that the ruling under the facts presented in *Miller* is not a reduction of the plaintiff's duty of diligence in perfecting service:

> Although the *Miller* opinion repeated [the plaintiff's] contention regarding routinely asserted "boilerplate" defenses, *Miller* did not otherwise discuss "boilerplate" defenses. More significantly, *Miller* did not hold that [the plaintiff] was entitled to ignore the insufficiency of service defense because [the plaintiff] decided that it was mere "boilerplate."[14]

The present case presents no basis for departing from the above precedent holding that an answer can put a plaintiff on notice of a defect in service. This is especially true where, as here, the answer was not merely a formulaic recitation of blanket defense theories. As Brigham points out on appeal, the answer raised

---

[13] Id. at 258.

[14] *Pryor*, 236 Ga. App. at 857 (2).

7

insufficiency of process but not the defense of improper venue, and the answer admitted "a negligent act" while denying liability. This specificity demonstrates that the answer was more than "boilerplate," to the extent that McFadden argues this justifies her delay in investigating the defense of insufficient service. Having received notice of that defense in July, McFadden was obligated to exercise the greatest degree of diligence in perfecting service. Thus, the trial court was authorized, in its discretion, to determine that McFadden's execution of personal service in October did not reflect sufficient diligence on her part. Accordingly, we discern no basis for reversal.

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*