A91A1280. ACKERMAN SECURITY SYSTEMS, INC. v. DESIGN SECURITY SYSTEMS, INC.
(412 SE2d 588)

POPE, Judge.
Plaintiff/appellant Ackerman Security Systems, Inc., appeals from the trial court's order granting defendant/appellee's Design Security Systems, Inc. motion for partial summary judgment.

Both Ackerman and Design sell home security systems. Ackerman has used a white octagonal yard sign with blue lettering to advertise its services since January of 1980. The Georgia Secretary of State issued a service mark registration for Ackerman's design in January of 1984. In 1986, Design discontinued use of its red and silver mailbox signs in favor of a white octagonal yard sign with black lettering. On February 17, 1987, Ackerman filed suit against Design alleging trademark infringement, deceptive trade practices, and unfair competition relating to Design's use of a yard sign similar to the one used by Ackerman in advertising its services. The Georgia Secretary of State issued a service mark registration for Design's yard sign in April of 1987.

Design filed its motion for partial summary judgment on February 1, 1990. The trial court found the yard signs to be similar in size

---

and shape, although different with regard to color, company name, telephone number, and other marks, and granted Design's motion with respect to Ackerman's claims for trademark infringement and for all claims under Georgia's Uniform Deceptive Trade Practices Act, OCGA § 10-1-371 et seq. In granting Design's motion, the trial court held that a showing of actual consumer confusion was necessary to a finding of a likelihood of confusion, and that Ackerman had failed to offer sufficient evidence of actual confusion. The trial court also found that Ackerman failed to present evidence concerning damages. We now reverse.

1. The appropriate legal test for these claims is the "likelihood of confusion" test. To determine whether a likelihood of confusion exists as to the two yard signs, a number of elements must be examined including: the strength or distinctiveness of the trademark at issue; similarity or overall impression created by the designs; similarity of product; identity of retail outlets and purchasers; identity of advertising media used; defendant's intent; and actual confusion. *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F2d 252, 259 (5th Cir. 1980); *Ambrit, Inc. v. Kraft, Inc.*, 812 F2d 1531, 1538 (11th Cir. 1986). The weight to be accorded to individual factors varies with the circumstances of the case. *Ambrit*, supra at 1538. In the case at hand, the trial court, relying on *Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F2d 482 (1st Cir. 1981), incorrectly applied the likelihood of confusion test by requiring a showing of actual confusion. The court in *Pignons* held that "[e]vidence of actual confusion is not invariably necessary to prove a likelihood of confusion." *Pignons*, supra at 490. Although evidence of actual confusion is obviously the best evidence of a likelihood of confusion, it is not necessary to a finding of likelihood of confusion. *Amstar*, supra at 263.

Design argues that a presumption against a likelihood of confusion is raised if the marks have coexisted in the marketplace over a significant period of time with no evidence of actual confusion. *Pignons*, supra at 490; *Amstar*, supra at 263. We agree. A presumption against a likelihood of confusion may be raised; however, the presumption may be rebutted by evidence of other factors tending to support a finding of a likelihood of confusion. Our review of the record reveals that Ackerman did show the existence of several other factors tending to support a finding of a likelihood of confusion. Thus, the presumption against a likelihood of confusion does not stand unrebutted in this case. Cf. *Pignons*, supra at 492.

Design cites *Carling Brewing Co. v. Philip Morris Inc.*, 277 FSupp. 326 (N.D. Ga. 1967), for the proposition that Ackerman must show that its yard sign has become identified in the public mind with its product, or has acquired secondary meaning. Trademarks are classified according to distinctiveness as: generic, descriptive, suggestive,

arbitrary or fanciful, or coined. The classification depends upon the logical correlation between the mark and the product. *Freedom Savings & Loan Assn. v. Way*, 757 F2d 1176, 1182 (11th Cir. 1985). The distinctiveness or strength of the mark increases so that generic marks are the weakest and coined marks are the strongest. The law provides the greatest protection to strong and distinctive marks. Id. Generally, a descriptive or generic mark must be shown to have secondary meaning to be afforded protection. *Sun Banks of Fla. v. Sun Fed. Savings &c. Assn.*, 651 F2d 311, 315 (5th Cir. 1981). Secondary meaning exists when there is a connection in the consumer's mind between the mark and the product's producer. *Ambrit*, supra at 1536, n. 14.

Design itself argues in its brief in support of its motion for partial summary judgment that the use of an octagonal sign by a security company is suggestive of a "stop" sign to warn intruders to stop. We agree that the overall impression of Ackerman's yard sign is suggestive, and suggestive marks do not require a showing of secondary meaning. *Sun Banks*, supra at 315. Thus, Design's argument that Ackerman must show, as an element of its claim, that its product has become identified in the public mind with its mark is without merit.

The trial court's grant of Design's motion for partial summary judgment was error because a showing of actual confusion is not an indispensable element in stating a cause of action for trademark infringement, and secondary meaning is not required to show a likelihood of confusion for suggestive marks such as the yard sign in this case.

2. The trial court also granted partial summary judgment to Design on the ground that Ackerman failed to show damages. Design raised the issue at the hearing on the motion for partial summary judgment without first addressing the issue either in its motion or in its briefs. However, we need not reach the question of whether the issue was properly before the court because the trial court used the incorrect legal standard for a showing of damages in cases of this type. Actual damages need not be proven because Ackerman may obtain an accounting of profits under OCGA § 10-1-451. It is enough that Ackerman prove the infringer's sales. The burden then shifts to Design to show expenses and other deductions. *Wesco Mfg. v. Tropical Attractions of Palm Beach*, 833 F2d 1484, 1487-1488 (11th Cir. 1987). Ackerman did prove approximate sales figures through the testimony of Design's president. Exact sales figures need not be shown since Design is in the best position to ascertain such figures. Id. Thus, Design's motion for partial summary judgment was improperly granted because the trial court used the wrong legal standard for a showing of damages in a trademark infringement case.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 14, 1991.

*Arnall, Golden & Gregory, Stephen M. Dorvee, Scott E. Taylor,* for appellant.

*Merritt & Tenney, David E. Spalten,* for appellee.