A03A0631. DeCELLES et al. v. MORGAN CLEANERS & LAUNDRY, INC.
(583 SE2d 462)

ANDREWS, Presiding Judge.

Morgan Cleaners & Laundry, Inc. (Morgan Cleaners) brought promissory estoppel and trade name infringement claims against Lisa DeCelles and Barbara McCorkle seeking enforcement of promises they made involving their purchase of a retail laundry and dry cleaning store and damages for unauthorized use of the Morgan Cleaners trade name. A jury rendered a verdict in favor of Morgan Cleaners against DeCelles and McCorkle on the promissory estoppel claim, against DeCelles on the trade name infringement claim, and against DeCelles and McCorkle on Morgan Cleaners' claim for attorney fees. On appeal, DeCelles and McCorkle claim the evidence did not support the promissory estoppel verdict, and DeCelles claims there was no evidence supporting the award of damages on the trade name infringement verdict, and that the trial court should have granted her motion to amend the judgment to prevent an illegal double recovery. For the following reasons, we affirm.

1. There was evidence supporting the promissory estoppel verdict against DeCelles and McCorkle.

The principle of promissory estoppel as set forth in OCGA § 13-3-44 (a) provides that

[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbear-

ance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Morgan Cleaners presented evidence of an oral agreement to purchase one of its stores by which DeCelles and McCorkle promised to pay $88,550 for the store over a period of time by paying Morgan Cleaners to process all the clothes brought to the store at a surcharge of seven percent above the normal processing fee until the surcharges paid equaled the purchase price.[1] In reliance on this promise, Morgan Cleaners produced evidence that it closed its store, transferred its existing inventory and customer base to DeCelles and McCorkle at their nearby new location, actively referred all its customers to the new store location, refrained from competing against the store in that area, and agreed to allow the store to use the trade name "Morgan Cleaners" for a period of eight years during which the store would continue to use Morgan Cleaners for all clothes processing. Evidence showed that the store was generating about $250,000 per year in clothes processing at the time of the purchase so that payment of the purchase price by the surcharge was expected to take about five years. In the first 15 months under the agreement DeCelles and McCorkle sent about $318,000 in processing business to Morgan Cleaners, generating $22,260 in surcharges toward payment of the purchase price. At that point, DeCelles and McCorkle refused any further use of Morgan Cleaners for clothes processing leaving $66,290 of the purchase price unpaid, and refused to stop using the Morgan Cleaners trade name.

The jury's verdict will be affirmed if there is any evidence to support it. *Crump v. McDonald*, 239 Ga. App. 647, 650-651 (520 SE2d 283) (1999). The evidence was sufficient to allow the jury to conclude that DeCelles and McCorkle made a promise to purchase the store for $88,550 that induced reliance by Morgan Cleaners and provided consideration sufficient under the principle of promissory estoppel to render the promise enforceable. *DPLM, Ltd. v. J. H. Harvey Co.*, 241 Ga. App. 219, 220 (526 SE2d 409) (1999). We find no error in the jury's verdict against DeCelles and McCorkle for the remaining purchase price of $66,290.

2. There was also evidence sufficient to support the jury's verdict awarding damages against DeCelles for infringement of the Morgan Cleaners trade name.

Evidence showed that DeCelles was operating the store using the Morgan Cleaners trade name pursuant to the purchase agree-

---

[1] Morgan Cleaners' claim that DeCelles and McCorkle breached a contract to purchase the store was dismissed on summary judgment under the Statute of Frauds.

ment when about 15 months into the agreement she informed Morgan Cleaners that she would no longer use them for clothes processing. After Morgan Cleaners made unsuccessful efforts to get DeCelles to comply with the agreement, it informed her in May 1998 that because she had breached the agreement and refused to use Morgan Cleaners for processing she was no longer authorized to use the Morgan Cleaners trade name. Nevertheless, DeCelles continued to operate the store using the Morgan Cleaners trade name and customer base through the time of trial until the trial court entered a permanent injunction after the trial in March 2002 prohibiting her use of the trade name. DeCelles does not contest entry of the injunction prohibiting her use of the Morgan Cleaners trade name but claims only that Morgan Cleaners failed to prove it was damaged by the infringement.

There was evidence that the Morgan Cleaners trade name had been associated with the subject laundry and dry cleaning business since 1929 and that the unauthorized use of the trade name by DeCelles caused confusion to the public about the source of the services and produced infringing sales activity for DeCelles. OCGA § 10-1-372 (a) (2); *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 802 (485 SE2d 22) (1997). Morgan Cleaners was not required to prove actual damages but could seek the award of profits illegally derived from the infringement by showing DeCelles's gross sales and shifting the burden to DeCelles to provide an accounting to show which sales, if any, were not derived from the infringement, along with deductible expenses, to show profits not derived from the infringement. OCGA § 10-1-451 (a); *Ackerman Security Systems v. Design Security Systems*, 201 Ga. App. 805, 807 (412 SE2d 588) (1991); J. Thomas McCarthy, Trademarks and Unfair Competition, §§ 30.65-30.66 (4th ed. 2002). Placing the burden on the infringer to account for profits, especially where the evidence is within the infringer's control and the harm is difficult to prove, promotes the statutory intent to make infringement unprofitable, to deprive the infringer of unjust enrichment, and to deter similar activity. OCGA § 10-1-451 (a); see *Burger King Corp. v. Mason*, 855 F2d 779, 781 (11th Cir. 1988) (construing provisions of the Lanham Act providing for disgorgement of profits derived from infringement).

DeCelles testified that after expenses and other deductions she had a profit of $11,895 in 1998 based on gross sales of over $285,000 and a profit of $21,629 in 1999 based on gross sales of over $293,000. DeCelles failed to produce requested tax returns for years 2000 and 2001, but she testified that sales figures for the store in those years "probably decreased some from 1999." Based on this evidence, the jury could have reasonably concluded that DeCelles generated decreased profits in the range of $20,000 in subsequent years, and

used those projections to calculate that, during the period of time DeCelles infringed on the Morgan Cleaners trade name from May 1998 through the trial in March 2002, she produced about $72,000 in profits. Although DeCelles argues that not all of her profits were derived from the infringement, she produced no definitive evidence to the contrary. In the absence of such contrary evidence, precise calculation of profits derived from the infringement was not required, and the jury was entitled to resolve doubts about the actual amount of profits against the infringer. There was evidence that the gross sales were produced with the aid of the Morgan Cleaners customer base, and other evidence of public confusion and infringing sales activity caused by the unauthorized use of the Morgan Cleaners trade name. There was a sufficient evidentiary basis for the jury to conclude that Morgan Cleaners was entitled to the $71,581 awarded as profits illegally derived from the infringement. *Ackerman Security Systems*, 201 Ga. App. at 807.

3. DeCelles claims that awarding profits derived from the infringement duplicated the recovery awarded under the promissory estoppel claim. According to DeCelles, payment of the $66,290 remaining due on the purchase price under the promissory estoppel claim fully compensated Morgan Cleaners under the agreement for the use of its trade name, so additional compensation for infringement on the trade name was a double recovery. However, this argument fails to take into account other evidence that payment of the full purchase price did not leave Morgan Cleaners whole because another portion of the agreement was the benefit Morgan Cleaners expected from acquiring all the processing business from the store for a period of eight years. Morgan Cleaners was denied this benefit when DeCelles breached the processing agreement after only 15 months. Thereafter, DeCelles infringed on the Morgan Cleaners trade name for nearly four years after demand was made that she cease using the name. Accordingly, there was evidence that payment of the purchase price in the promissory estoppel claim did not fully compensate Morgan Cleaners for use of its trade name. Although the jury could have concluded Morgan Cleaners was fully compensated by the purchase price for use of its trade name, there was evidence to the contrary which supported the award of additional compensation for DeCelles's continuing infringement on the trade name while refusing to comply with the processing agreement. The evidence must be construed to uphold the jury's verdict. *Crump*, 239 Ga. App. at 650-651.

Moreover, this claim at best asserts that an ambiguity exists in the verdict under which the infringement award might be construed as a double recovery. Since this is not a case where the award showed on its face an improper double recovery as a matter of law, DeCelles

waived this issue by failing to object to the form of the verdict when it was returned. *Preferred Risk Ins. Co. v. Boykin,* 174 Ga. App. 269, 277 (329 SE2d 900) (1985); *Long v. Marion,* 182 Ga. App. 361, 365-366 (355 SE2d 711) (1987).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MAY 15, 2003 —
RECONSIDERATION DENIED JUNE 17, 2003.

*Wasson, Sours & Harris, Gene E. Massafra, David A. Webster,* for appellants.

*Carlock, Copeland, Semler & Stair, David F. Root, Erika K. Hutt,* for appellee.