A10A1099. KYLE et al. v. GEORGIA LOTTERY
CORPORATION et al.
(698 SE2d 12)

ANDREWS, Presiding Judge.

Plaintiffs George Kyle and Frank Mankovitch bring this appeal from the trial court's grant of Georgia Lottery Corporation (GLC)'s

---

motion to dismiss and GLC and Scientific Games International (SGI)'s motions for summary judgment. Plaintiffs had sued GLC and SGI for trademark infringement, deceptive trade practices, and breach of contract arising from GLC's "Money Bags" lottery games of 2005 and 2007.[1] We find no error and affirm.

The relevant facts are not in dispute. GLC began its "Money Bags" game in Georgia in October 1994, selling approximately 20 million tickets through the end of the game in 1996. Kyle, a chiropractor, obtained a trademark on a "Moneybags" logo in 1995, but sold less than 50 games consisting of a marked velvet pouch and containing wood tiles between 1995 and 2005. In 2000 and 2002, and acting out of "an abundance of caution" based on the recent payout of a small settlement, SGI obtained consent letters from Kyle concerning GLC's games undertaken in those years. In 2005 and 2007, SGI sent clearance letters to GLC to the effect that GLC could use the "Money Bags" name in games undertaken in those years without any danger of confusion with another mark. Between 2005 and 2007, Mankovitch contacted Kyle, obtained exclusive distribution rights to Kyle's game, failed to market the game successfully, and accused GLC of unauthorized use of the "Moneybags" mark.

1. The trial court concluded that GLC was immune to plaintiffs's claims because it is a state "instrumentality," because no written contract with it had been alleged, and because no statute authorizes a waiver of sovereign immunity for equity claims against the State. This is the law. See OCGA § 50-21-22 (5) (defining the State of Georgia as including "any of its offices, agencies, authorities, departments, commissions, boards, divisions, instrumentalities, and institutions"); OCGA § 50-27-4 (defining the GLC as "an instrumentality of the state"); *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 716 (1) (545 SE2d 875) (2001) (sovereign immunity bars action against community service board because such immunity extends to State "offices, agencies, authorities, departments, commissions, boards, divisions, *instrumentalities*, and institutions") (emphasis supplied); *Dollar v. Olmstead*, 232 Ga. App. 520, 522 (2) (502 SE2d 472) (1998) (equitable tort claims against state commissioner barred by sovereign immunity).

2. OCGA § 10-1-440 (b) provides that a trademark shall be deemed "used" when it is affixed to "goods or their containers" and "such goods are sold or otherwise distributed in this state." The comparable federal statute requires "the *bona fide* use of a mark in the ordinary course of trade, and not made merely to reserve a right

---

[1] The trial court denied SGI's motion for summary judgment on its counterclaim, a ruling that is not at issue on this appeal.

in a mark." (Emphasis supplied.) 15 USC § 1127. Plaintiffs argue that the absence of any bona fide requirement from the language of OCGA § 10-1-440 (b) means that no such requirement can be imposed on it. We disagree.

We have previously turned to federal precedent for guidance in the construction of Georgia trademark law. See *Ackerman Security Systems v. Design Security Systems*, 201 Ga. App. 805, 806 (1) (412 SE2d 588) (1991) (following Fifth and Eleventh Circuit precedents concerning Georgia trademark law).

To prevail on a trademark claim, a plaintiff holding a valid mark must prove "(1) that it had prior rights to its mark or name *and* (2) that the [defendant] had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." (Emphasis supplied.) *Lone Star Steakhouse & Saloon v. Longhorn Steaks*, 106 F3d 355, 360 (11th Cir. 1997).

> Registration does not actually confer ownership rights in the mark. Instead, trademark ownership accrues with use. Trademark registration confers only procedural advantages and does not enlarge the registrant's ownership rights. Specifically, [a] prior registration gives rise to a presumption of validity. This presumption is rebuttable.

(Citations omitted.) *Harod v. Sage Products*, 188 FSupp.2d 1369, 1375 (S.D. Ga. 2002). Federal courts also hold that a plaintiff is required to show a more than minimal effort to market a trademarked product in order to survive summary judgment. In *Harod*, for example, the district court granted summary judgment to a defendant even though plaintiffs had registered their mark first because "[t]he law cannot award [p]laintiffs property rights in a mark they have scarcely used where [d]efendant has put the mark to good use." Id. at 1378. Adopting federal precedent, then, we conclude that OCGA § 10-1-440 (b) requires the bona fide use of a trademark to make out a claim concerning its infringement.

In support of its ruling that both GLC and SGI were entitled to summary judgment, the trial court in this case found that (1) GLC had begun selling its game before Kyle formulated his; (2) plaintiffs had abandoned any substantial effort to sell their game for more than a decade; and (3) by Kyle's own admission, there was no likelihood of confusion between the two games. These conclusions are established by undisputed evidence in the record before us. Georgia law does not authorize plaintiffs' claims against GLC when the latter used the "Money Bags" name first and extensively on a series of lottery games over ten years, when plaintiffs' efforts to market their game were a conspicuous failure, and when there was

no likelihood of confusion between the two games. See *Harod*, 188 FSupp.2d at 1378. For these reasons, the trial court did not err when it granted defendants' motions for summary judgment.

*Judgment affirmed. Ellington, J., concurs. Doyle, J., concurs in the judgment only.*

DECIDED JUNE 10, 2010 —
RECONSIDERATION DENIED JUNE 28, 2010 — 

*Merolla & Gold, Angelo T. Merolla*, for appellants.
*Troutman Sanders, Mark S. VanderBroek*, for appellees.