MELTON, Justice,
concurring.
I write separately to point out that, while the general purpose of an interlocutory injunction is to maintain the status quo, there are certain considerations which should be taken into account in reviewing the propriety of such an injunction. Among the factors to be considered by a trial court in granting a temporary injunction are whether:
(1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not dis-serve the public interest.
(Citation omitted.) SRB Investment Svcs., LLLP v. Branch Banking and Trust Co., 289 Ga. 1, 5 (3) (709 SE2d 267) (2011). Although the trial court’s order in this case does not expressly address these factors, the transcript clarifies that evidence relating to each factor was discussed and considered. First, with regard to iLink’s injury, *674 there was argument presented that iLink’s 2013 pageant would suffer loss of contestants and revenue if it could not solely use the service marks in issue. Second, the trial court expressly weighed the respective harms to iLink and IACA at the hearing, and it determined that iLink’s for-profit business would have more to lose than IACA’s non-profit community organization. Furthermore, the trial court indicated that it was just employing an equitable stop-gap measure, and, although it allowed iLink to temporarily use the service marks, the trial court refused to enjoin IACA from holding its pageant altogether. Third, based on the rebuttable presumption of iLink’s ownership in the contested service marks due to state registration, Kyle v. Ga. Lottery Corp., 304 Ga. App. 635, 637 (2) (698 SE2d 12) (2010), along with iLink’s sworn contention that IACAhad expressed that it no longer had any intention of using the marks, it cannot be said that the trial court would have abused its discretion in any determination that iLink had a substantial likelihood of succeeding on the merits. Fourth and finally, by finding that both pageants could be held, the trial court’s ultimate ruling limited any possible disservice to the public. Therefore, considering all of these factors, it cannot be concluded that the trial court abused its discretion in granting the interlocutory injunction.
Decided March 2, 2015.
Kilpatrick Townsend & Stockton, Allison S. Roach, William H. Brewster, Vaibhav P. Kadaba, Nichole D. Chollet, for appellant.
Higgins & Dubner, Michael W. Higgins, for appellee.
Nonetheless, as the trial court noted, the interlocutory injunction is just a temporary remedy based on limited facts. Atrial remains necessary to determine the ultimate ownership in the disputed marks.